**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Philip A. Brimmer**

Civil Action No.:     13-cv-2481-PAB-CBS

ROBERTO FUENTES, individually and on
behalf of all others similarly situated,

      Plaintiff,

*vs*.

KROENKE SPORTS &
ENTERTAINMENT, LLC, d/b/a [sic]
TICKETHORSE, LLC, WORLD
WRESTLING ENTERTAINMENT, INC.,
and JOHN DOE DEFENDANTS,

      Defendants.

---

**DEFENDANT KROENKE SPORTS & ENTERTAINMENT, LLC'S COMBINED
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY
DEMAND AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF**

---

Defendant Kroenke Sports & Entertainment, LLC ("KSE")[1], by its attorneys and

pursuant to FED. R. CIV. P. 12(b)(6), submits this Combined Motion To Dismiss Plaintiff's Class

---

[1] Plaintiff alleges that "KSE launched TicketHorse in 2007 as a way to control the sale of tickets
to events at Kroenke Properties."  (Compl. ¶ 23).  In the case caption, Plaintiff erroneously
alleges that KSE does business as TicketHorse; that error is irrelevant for purposes of this
Motion.  Moreover, it is apparent from reading the Complaint that Plaintiff's claims are made
against KSE, not TicketHorse.

Action Complaint And Jury Demand And Memorandum Of Points And Authorities In Support Thereof.

## INTRODUCTION

The foundation upon which *all* of Plaintiff's allegations within his Class Action Complaint And Jury Demand ("Complaint") sits is Plaintiff's legal conclusion that KSE and others have violated COLO. REV. STAT. § 6-1-718 (a section of the Colorado Consumer Protection Act ("CCPA")).  Plaintiff premises his claims (and those of the putative class he purports to represent[2]) on:   i) language appearing on the back of some KSE tickets (Compl. ¶¶ 16-17), which Plaintiff selectively quotes (*e.g.*, Plaintiff conveniently omits the most pertinent language, which guts Plaintiff's claims); and ii) language on the Flash Seats website[3] (*id.* ¶¶ 25-26), which Plaintiff also selectively quotes and conveniently avoids mentioning contains a mandatory arbitration provision pertaining to disputes involving claims for money damages.

The Complaint's threadbare legal conclusions fall far short of the requisite pleading standard under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Plaintiff's failure to plead facts in favor of empty legal conclusions that KSE and others have wronged him (and the purported class) necessitates dismissal of Count I of the Complaint as a matter of law.  Alternatively, Count I should be dismissed under FED. R. CIV. P. 9(b) for Plaintiff's failure to plead fraud allegations with particularity.

---

[2]  KSE is filing contemporaneously herewith its Motion To Deny Class Certification.

[3]  Plaintiff alleges that Flash Seats "operates a secondary-market ticket marketplace."  (*Id.* ¶ 27).  Plaintiff further alleges that the TicketHorse website informs purchasers that if they are unable to find the seats they wish to purchase for an event, they can purchase "from other fans on FLASH SEATS Marketplace, The Official Secondary Marketplace of TicketHorse."  (*Id.* ¶ 29).

Plaintiff's remaining claims for breach of contract (Count II), breach of the implied covenant of good faith and fair dealing (Count III), and unjust enrichment (Count IV, in the alternative to Count II) tumble like a house of cards upon the collapse of their foundation – Count I.  Thus, the remainder of the Complaint also should be dismissed.

Furthermore, insofar as Plaintiff (or any member of the putative class) seeks monetary damages based upon online ticket purchases through TicketHorse or Flash Seats, any such claim is subject to binding arbitration and for this additional reason must be dismissed.

Finally, and only to the extent Count I survives, Plaintiff is prohibited from recovering monetary damages (including treble damages, costs, and attorneys' fees) on a class-wide basis under Count I; indeed, Chief Judge Krieger recently decided this issue.

## ARGUMENT

### I.   STANDARD OF REVIEW

"The court's function on a [FED. R. CIV. P.] 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess *whether the plaintiff's complaint alone is legally sufficient* to state a claim for which relief may be granted." *Toy v. Am. Family Mut. Ins. Co.*, No. 12-CV-01683-PAB-MJW, 2013 WL 4079179, at *2 (D. Colo. Aug. 13, 2013) (citing *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir. 2003) (emphasis added) (citations omitted)); *see also Comprehensive Addiction Treatment Ctr., Inc. v. Leslea*, No. 11-CV-03417-CMA-MJW, 2013 WL 389086, at *3 (D. Colo. Jan. 31, 2013).  In so doing, the Court " 'must accept all the *well-pleaded* allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.' "  *Toy*, 2013 WL 4079179, at *2 (quoting *Alvarado v. KOB–TV, LLC,* 493 F.3d 1210, 1215 (10th Cir. 2007) (emphasis added; internal quotation marks

and citation omitted)).  "Although courts accept all factual allegations as true on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' "  *FirsTier Bank, Kimball, Neb. v. FDIC*, No. 11-CV-03231-CMA-MJW, 2013 WL 1222067, at *13 (D. Colo. Mar. 25, 2013) (citing  *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007))).

In *Iqbal*, 556 U.S. at 677-78, the United States Supreme Court rejected the tactic by Plaintiff here of pleading in the form of legal conclusions devoid of factual support:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  . . . [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  *Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.*
>
> \*      \*      \*
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*.  The plausibility standard is not akin to a probability requirement, but it asks for *more than a sheer possibility that a defendant has acted unlawfully*.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> \*      \*      \*
>
> . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  . . .  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it *does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.*  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense.  But ***where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]— that the pleader is entitled to relief***."  [Emphasis added; internal quotation marks and citations omitted]

II.    **THE COURT SHOULD DISMISS COUNT I OF THE COMPLAINT BECAUSE IT FAILS TO PLAUSIBLY DEMONSTRATE THAT THE PLAINTIFF IS ENTITLED TO RELIEF UNDER THE COLORADO CONSUMER PROTECTION ACT**

Any analysis of the validity of Plaintiff's claims (and effort to elevate them further to class action status) must begin with the precise wording of the CCPA section at issue:

It is void as against public policy ***to apply*** a term or condition to the original sale to the purchaser to limit the terms or conditions of resale, including, but not limited to a term or condition:

*        *        *

(IV) That ***imposes a sanction*** on the purchaser if the sale of the ticket is not through a reseller approved by the operation.

COLO. REV. STAT. § 6-1-718(3)(a) (2008) (emphasis added).

Plaintiff strains the above language beyond credulity in an effort to assert a novel theory that finds no root under Section 6-1-718.

A.    **The Tickets Do Not Violate Section 6-1-718 Upon Review Of The Entire Ticket Language, Including The Language Plaintiff Conveniently Ignores**

Plaintiff posits that "[t]he language on the back of most Kroenke tickets violates [Section] 6-1-718."  (Compl. p. 4).  The hinge upon which Plaintiff attempts to affix this argument is the "Terms and Conditions" language on the back of certain KSE event tickets – including those attached as Exhibits A through C of the Complaint – stating "[t]his ticket is non-transferable."  (*Id.* ¶ 17).

In furtherance of his effort to concoct a cause of action where none exists, Plaintiff selectively omits outcome determinative language contained within the very same Terms and Conditions on each of the tickets at issue, which provides:

> ***Unlawful resale*** or ***unlawful attempted resale*** is grounds for seizure and cancellation without compensation. ***Tickets obtained from unauthorized sources may be lost, stolen or counterfeit, and if so are void***.
>
> *          *          *
>
> This ticket cannot be replaced if lost, stolen or destroyed, and is valid only for the event and seat for which it is issued. This ticket is not redeemable for cash. It is unlawful to reproduce this ticket in any form. This ticket is non-transferable.

(*Id.* Exhibits A – C (emphasis added)). Plaintiff weds himself (and his alleged class) to the "non-transferable" language for obvious reasons – to jump to the ***legal conclusion*** (without pleading facts in support) that "millions of ticket purchasers and fans every year are ***subjected*** to restrictions on their resale rights." (*Id.* ¶ 18 (emphasis added)).

The Court must read a contract "as a whole" and the Court must avoid reading "its provisions in isolation" so as to give "each word in the contract a plain and ordinary meaning." *Triad Bank v. First-Citizens Bank & Trust Co.*, No. 11-CV-01220-MSK-BNB, 2013 WL 1222114, at *3 (D. Colo. Mar. 25, 2013); *see also Newmont U.S.A. Ltd. v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1275 n.6 (10th Cir. 2010). When read as a whole, the language on the back of tickets at issue makes plain that only ***unlawful*** resales or attempted resales – *e.g.*, reselling a ticket and then selling a second version of the same ticket – constitute grounds for seizure or cancellation of those tickets. Plaintiff's theory impermissibly would read the "unlawful" language and its import from the face of the tickets. It follows that if "unlawful resale or unlawful attempted

resale" is grounds for seizure or cancellation, then lawful resale and lawful attempted resale is not.[4]

Plaintiff fails to demonstrate the plausibility of his claim in Count I, particularly when one considers the ticket language Plaintiff ignores.  Accordingly, Count I should be dismissed.

**B.      Even If The Language On The Event Tickets Could Violate Section 6-1-718, Plaintiff Fails To Plead Injury Under Section 6-1-718 Or Any Other Claim For Relief**

Plaintiff has not alleged that KSE *ever* sought to enforce the ticket and/or website language as misinterpreted by Plaintiff.  Plaintiff instead jumps to the legal conclusion that any such language "subjected" Plaintiff (and putative class members) to "restrictions on their resale rights." (Compl. ¶ 18).  That, however, simply is not enough.

In the absence of any factual allegation that KSE sought to enforce the "non-transferable" language on KSE tickets or any website, it logically follows that Plaintiff (and members of the putative class) cannot recover monetary damages here.  *See* COLO. REV. STAT. § 6-1-113(1)(a) (2008) (requiring that a plaintiff sustain injury as a result of a CCPA violation to pursue monetary damages).  Plaintiff here has not alleged facts to support the conclusion that he (or any other putative class member) sustained injury.

**C.      Plaintiff's Conclusory Allegation That KSE "Applied" A Condition To Him That "Limited The Terms Or Conditions Of Resale" Or "Imposed A Sanction" On Him Has No Alleged Factual Basis**

At Paragraph 2 of the Complaint, Plaintiff quotes Section 6-1-718(3)(a), which provides that "[i]t is void as against public policy to apply a term or condition to the original sale to the

---

[4] The fact, as explained in KSE's Motion To Deny Class Certification, that so many purchasers freely post their tickets for resale on assorted secondary market sites demonstrates this truism and the frivolous nature of Plaintiff's claims.  *See* Motion To Deny Class Certification at p. 3, footnote 3. *See also infra* at 12, footnote 7.

purchaser to limit the terms or conditions of resale." Plaintiff then baldly claims that the "non-transferable" language on the back of the ticket supports his legal theory and conclusion. As noted above (*see supra* at 6), the full text on the back of the tickets that Plaintiff conveniently ignores provides no support for Plaintiff's conclusion that KSE impermissibly applied a term or condition that limited the terms or conditions of resale. More fundamentally, Plaintiff utterly fails to allege facts that KSE has attempted to limit any resale. Indeed, ***nowhere*** in the Complaint does Plaintiff attempt to plead how KSE "applied" the "non-transferable" language to Plaintiff. Likewise, Plaintiff never alleges that KSE "imposed a sanction" upon Plaintiff (or anyone else). For instance, Plaintiff never alleges that KSE has ever rejected a resold ticket. Plaintiff's jump here epitomizes the "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court rejected in *Iqbal*.

Plaintiff separately contends that KSE "restricts the secondary market through its relationship with TicketHorse," and TicketHorse's affiliation with Flash Seats (Compl. ¶¶ 23-28), which again Plaintiff alleges to be a "secondary-market ticket marketplace" (*id*. ¶ 27). Plaintiff cites but one small portion of the Flash Seats' website to leap to the conclusion that KSE violated Section 6-1-718:

> You are prohibited from selling or offering for sale your Right(s) through another publicly available marketplace, whether or not electronic or accessible through the Internet.

(Compl. ¶ 29).[5] This language, however, simply does not carry the nefarious meaning ascribed to it by Plaintiff. Rather, it seeks to prevent a ticketholder (who chooses to use Flash Seats in an

---

[5] The fact that TicketHorse directs purchasers to Flash Seats, where "[They can] Buy from other fans" (*id.*), demonstrates how fundamentally flawed Plaintiff's "non-transferability" theory truly is.

effort to resell tickets) from using Flash Seats and another secondary source, such as StubHub, at the same time in an effort to resell the same ticket to the same event, thereby avoiding a situation where the same ticket is resold to more than one purchaser through use of different sites.  Indeed, this language is never implicated if a ticketholder chooses to use another secondary market source (other than Flash Seats) in an effort to resell his or her ticket.[6]

Moreover, Plaintiff's "restrict the secondary market" theory fails to implicate Section 6-1-718 in any way, as it does not relate to any effort by KSE to "apply a term or condition to *the original sale* to the purchaser to limit the terms or conditions of resale."  Furthermore, Plaintiff fails again to plead any action by KSE to impose any sanction on any ticketholder for using a secondary market source other than Flash Seats to resell tickets.

### D. Plaintiff's Overpayment Theory Of Liability Fails To State A Violation Of The CCPA

Plaintiff alleges that he "overpa[id] for tickets" (Compl. ¶¶ 40 & 56), that putative class members that made on-line purchases were required to pay a "convenience fee," and that some were required to pay a "handling" fee for KSE tickets. (*Id.* ¶ 30).  In addition to the fact that Plaintiff's allegations relating to "overpaying" for tickets is purely conclusory, Section 6-1-718 does not support such a theory of liability; it simply has nothing to do with the price paid for tickets.  Accordingly, Plaintiff has failed to state a plausible cause of action.

---

[6] As noted in the Motion To Deny Class Certification, many ticketholders in fact choose to use sources other than Flash Seats to resell their tickets.  *See* Motion To Deny Class Certification at p. 3, footnote 3.  *See also infra* at 12, footnote 7.

**III.    COUNT I OF THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO MEET THE PARTICULARITY IN PLEADING REQUIREMENT OF FED. R. CIV. P. 9(b)**

The allegations in Count I of the Complaint "do not satisfy the requirements of [FED. R. CIV. P.] 8, as refined in *Twombly, Iqbal,* and related cases."  *Seni ex rel. Ciber, Inc. v. Peterschmidt,* No. 12-CV-00320-REB-CBS, 2013 WL 1191265, at *4 (D. Colo. Mar. 22, 2013). To the extent Plaintiff's barren allegations could survive dismissal, despite the absence of a basis in law or fact, the Complaint also must, but fails to, satisfy the requirements of FED. R. CIV. P. 9(b).

"To assert a claim under the CCPA, [the plaintiff] must meet the heightened Rule 9(b) pleading standard." *Two Moms and a Toy, LLC v. Int'l Playthings, LLC*, 898 F. Supp. 2d 1213, 1219 (D. Colo. 2012). "Rule 9(b) requires a plaintiff to plead in detail 'the specific who, what, where, and how' of the alleged fraud." *Id.* at 1216. Moreover, "[i]n order to satisfy Rule 9(b)'s pleading requirements, a plaintiff must 'provide some objective indication to reasonably infer that the defendant was aware' of his or her unlawful conduct." *Id.* (citation omitted). As in *Two Moms and a Toy, LLC,* the Complaint "fails to meet the particularity required to assert a valid CCPA claim." *Id.* at 1220. For instance, Plaintiff fails to allege how, when or where KSE ever refused to honor any ticket resold by anyone. Because Plaintiff fails to plead his CCPA claim with particularity, Count I should be dismissed.

**IV.    THE COURT SHOULD DISMISS COUNTS II THROUGH IV OF THE COMPLAINT BECAUSE THOSE CLAIMS RELY ENTIRELY UPON COUNT I**

Counts II through IV of the Complaint must be dismissed upon dismissal of Count I, as those Counts depend upon and are entirely predicated on the faulty reasoning and theories underlying Count I. (*See* Compl. ¶¶ 61-62 (claiming KSE breached alleged agreement to "abide

by [Section] 6-1-718"); ¶¶ 66-69 (claiming KSE breached the implied covenant of good faith and fair dealing by "plac[ing] restrictions on [KSE's] tickets . . . that violate [Section 6-1-718]"); and ¶¶ 72-74 (claiming, in the alternative to breach of contract, that KSE "ha[s] [been unjustly enriched] by knowingly imposing unlawful restrictive terms on Plaintiff and the [putative] Class and by exploiting consumers through [KSE's alleged] improper restriction of the secondary market to make more money for [it]sel[f]")).  For the numerous reasons set forth above, Count I cannot survive dismissal under FED. R. CIV. P. 12(b)(6), or alternatively under FED. R. CIV. P. 9(b).  Count I provides the only air for Counts II through IV.  The collapse of Count I renders Counts II through IV lifeless, and accordingly the remainder of the Complaint should be dismissed.

## V.   THE COURT SHOULD DISMISS THE CLAIMS OF ANY PURPORTED CLASS MEMBER THAT PURCHASED THEIR TICKETS ONLINE VIA TICKETHORSE OR FLASH SEATS BECAUSE ALL SUCH SALES ARE EXPRESSLY SUBJECT TO BINDING ARBITRATION, AND THUS ARE NOT PROPERLY BEFORE THIS COURT

Plaintiff alleges that all online KSE ticket purchasers were routed to www.tickethorse.com to complete their online purchase. (Compl. ¶ 25).  Plaintiff alleges that "TicketHorse's website is powered by Veritix, Inc., which also owns and operates Flash Seats." (*Id*. ¶ 26).  All such sales through TicketHorse and/or Flash Seats were governed by specific terms of use, which in relevant part provide that "[a]ny dispute relating to or arising from your purchase of or bid for any tickets . . . through our Websites, or arising under this Agreement in which money damages are being sought, will be resolved by binding arbitration conducted in

accordance with the Commercial Rules of the American Arbitration Association." (http://terms.veritix.com/terms_of_use.aspx) (last visited October 16, 2013).[7]

This Court recently held that "[t]he [United States] Supreme Court has 'long recognized and enforced a liberal federal policy favoring arbitration agreements.' " *Adams v. Modernad Media, LLC*, No. 12-CV-00513-PAB-MEH, 2013 WL 674024, at *3 (D. Colo. Feb. 25, 2013) (citing *Nat'l Am. Ins. Co. v. SCOR Reinsurance Co.,* 362 F.3d 1288, 1290 (10th Cir. 2004) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002))).  Everyone, including Plaintiff, who purchased event tickets through TicketHorse and/or Flash Seats, and whom Plaintiff seeks to include within the putative class, is bound by the above-quoted arbitration provision.  These individuals may not pursue their claims before this Court, and thus those claims must be dismissed.[8]

_____

[7] The Court may take judicial notice of this term.  *See O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *see also JP Morgan Trust Co. Nat. Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1258 (D. Kan. 2006).

[8] It also should be noted that no claim by Plaintiff or any putative class member who purchased event tickets through TicketHorse and/or Flash Seats can be arbitrated on a classwide basis.  *See Vernon v. Qwest Commc'ns Int'l, Inc.*, 925 F. Supp. 2d 1185, 1189-90 (D. Colo. 2013) (citing *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011) ("Arbitration on a classwide basis is fundamentally at odds with the purposes of arbitration and the Federal Arbitration Act and, at least in the absence of mutual consent, it cannot be ordered.")).  No mutual consent exists here to arbitrate any claims asserted by Plaintiff on a classwide basis.

**VI.    TO THE EXTENT PLAINTIFF'S CLAIMS SURVIVE, THE PUTATIVE CLASS IS PROHIBITED FROM RECOVERING MONETARY DAMAGES**

In *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1219 (D. Colo. 2012), Judge Krieger determined that "all of the remedies found in section 6-1-113(2)(a)(I)-(III) (as well as those in subsection (b))[9] are unavailable in a private class action." *Id.* at 1218.

Here, even if Plaintiff's claims under Section 6-1-718 were to survive, the class on whose behalf Plaintiff has brought Count I (and because the other claims are predicated on Section 6-1-718, Counts II – IV) is prohibited from recovering monetary damages against KSE (or any other defendant).   At a minimum, and only to the extent this Court declines to dismiss Plaintiff's claims entirely, Plaintiff's class action claim for monetary damages is barred and must be dismissed.

## CONCLUSION

WHEREFORE, Defendant Kroenke Sports & Entertainment, LLC respectfully requests that the Court grant the foregoing Motion and dismiss Plaintiff's Class Action Complaint And

---

[9] COLO. REV. STAT. § 6-1-113(2) provides in pertinent part that:

> ***Except in a class action*** . . . , any person who, in a private civil action, is found to have engaged in or caused another to engage in any deceptive trade practice listed in this article shall be liable in an amount equal to the sum of:
> (a) The greater of:
> (I) The amount of actual damages sustained; or
> (II) Five hundred dollars; or
> (III) Three times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct; plus
> (b) In the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees as determined by the court. [Emphasis added]

Jury Demand with prejudice, and award Defendant Kroenke Sports & Entertainment, LLC such

other and further relief as the Court deems appropriate.

Dated:  October 25, 2013.                    Respectfully submitted,

                                             *s/Kevin D. Evans*

                          By:      _____
                                   Kevin D. Evans
                                   John T. Osgood
                                   STEESE, EVANS & FRANKEL, P.C.
                                   6400 S. Fiddlers Green Circle
                                   Suite 1820
                                   Denver, Colorado 80111
                                   Telephone:     720.200.0676
                                   Facsimile:     720.200.0679
                                   Email:  kdevans@s-elaw.com
                                           josgood@s-elaw.com

                                   IJay Palansky
                                   STEESE, EVANS & FRANKEL, P.C.
                                   The Army and Navy Club Building
                                   1627 I Street, N.W.
                                   Suite 850
                                   Washington, DC 20006
                                   Email:  ipalansky@s-elaw.com

                          Attorneys for Defendant KROENKE SPORTS &
                          ENTERTAINMENT, LLC

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2013, I caused the foregoing **DEFENDANT KROENKE SPORTS & ENTERTAINMENT, LLC'S COMBINED MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Steven L. Woodrow
Megan L. Lindsey
EDELSON, LLC
999 West 18th Street
Suite 3000
Denver, CO 80202
Telephone: 303.357.4878
Facsimile: 303.446.9111
swoodrow@edelson.com
mlindsey@edelson.com


Jerry S. McDevitt
K&L Gates, LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone:  412.355.8608
Facsimile:  412.355.6501
jerry.mcdevitt@klgates.com


Craig R. May
Kenneth E. Stalzer
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
may@wtotrial.com
stalzer@wtotrial.com


*s/Leigha Wickham*
_____

Leigha Wickham