IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-2481-PAB-CBS

ROBERTO FUENTES, individually and on behalf of
all others similarly situated,

        Plaintiff,

v.

KROENKE SPORTS & ENTERTAINMENT, LLC,
a Delaware LLC, d/b/a TICKETHORSE, LLC, a CO LLC,
WORLD WRESTLING ENTERTAINMENT, INC.,
a DE Corp.,
and JOHN DOE DEFENDANTS,

        Defendants.

**WORLD WRESTLING ENTERTAINMENT, INC.'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b), defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits this motion and memorandum of law in support of its motion to dismiss Plaintiff's Complaint.

**INTRODUCTION**

The Complaint fails to state a claim against WWE. Plaintiff Roberto Fuentes ("Plaintiff") alleges that language on the back of event tickets violates a purportedly unrestricted right to resell tickets on the secondary market in contravention of Section 6-1-718(3)(a) ("Section 718") of the Colorado Consumer Protection Act ("CCPA"). Yet, notwithstanding 75 paragraphs in a 16-page complaint, there is not one specific factual allegation indicating that WWE knowingly engaged in a deceptive trade practice--a core requirement of a CCPA claim. To sustain such a claim, Plaintiff must

first plead facts sufficient to demonstrate that WWE is an "Operator" under Section 718, which "means a person or entity who owns, operates or controls a place of entertainment or who promotes or produces entertainment <u>and</u> that sells a ticket to an event for original sale." There are no allegations that WWE "owns, operates or controls a place of entertainment" in Colorado -- which it does not. Assuming for the sake of argument that the Complaint sufficiently pleads that WWE promotes or produces entertainment, Plaintiff does not allege that WWE sold "a ticket to an event for original sale." To the contrary, Plaintiff expressly admits that he purchased his ticket from Kroenke, not WWE. Thus, the Court should dismiss the Complaint against WWE with prejudice for the following reasons:

<u>First</u>, Plaintiff does not have standing to sue WWE, because Plaintiff has not alleged, and cannot allege, an injury that is traceable to any alleged conduct on the part of WWE.

<u>Second</u>, Plaintiff's claim for violation of Section 718 (Count I) fails because WWE is not an "Operator," as that term is defined by Section 718(a) in that it does not sell tickets to events and is not alleged to have sold tickets to Plaintiff, much less to members of the putative class. Rather, Plaintiff admits he bought the ticket at issue from Kroenke. Plaintiff's CCPA claim also fails because Plaintiff has not alleged, nor can he, that WWE itself has engaged in any act that was deceptive, let alone that such deceptive act was done knowingly, significantly impacted the public, or caused Plaintiff's injury. Given these deficiencies, the Complaint (1) fails to state a cognizable claim under Section 718 and (2) fails to meet the heightened pleading standard of Fed R. Civ. P. 9(b) required for such claims with respect to WWE.

<u>Third</u>, Plaintiff's breach of contract claim (Count II) fails because he nowhere alleges that he (1) has a contractual relationship with WWE, (2) has been unable to receive the benefits of such a contract, or (3) has been harmed by any purported breach of contract.

<u>Fourth</u>, Plaintiff's breach of the covenant of good faith and fair dealing claim (Count III) fails for the same reason because no contract is alleged to exist between him and WWE.

<u>Fifth</u>, Plaintiff's unjust enrichment claim (Count IV) fails because he does not allege that Plaintiff conferred a benefit on WWE, much less that WWE has acted unjustly.

For these reasons, as discussed in detail below, the Complaint against WWE should be dismissed with prejudice in its entirety.[1]

## **FACTS ALLEGED**[2]

Plaintiff alleges that defendants "knowingly impose restrictions on the resale of tickets" in contravention of Section 6-1-718(3)(a) of the CCPA.[3] Compl. ¶ 1. Plaintiff asserts that such restriction prevents the resale of tickets "in a manner that allows [ticketholders] to satisfy personal preference and maximize profitability without risking invalidation of the ticket license." *Id.* ¶ 6. He does not allege, however, that he ever attempted to resell a ticket to a WWE event or that he was actually prevented from doing so by the language on the ticket. On the basis of such thin allegations, Plaintiff seeks to certify a class of similarly situated individuals that purchased a ticket to a WWE event in Colorado that contained the alleged resale restriction. *Id.* ¶ 41.

Plaintiff's Complaint fails at the start because he affirmatively alleges that he bought his ticket not from WWE, but from defendant Kroenke Sports & Entertainment, LLC ("Kroenke"). Plaintiff alleges that Kroenke is the entity which actually "prints and sells" tickets to events at Kroenke

---

[1] WWE's counsel conferred with Plaintiff's counsel concerning fundamental inadequacies in the allegations against WWE, but could not reach an agreement. Further, as noted herein, any amendment would be futile.

[2] WWE reserves its rights to contest any of the facts as pleaded.

[3] Section 718(3)(a) provides that "[i]t is void as against public policy to apply a term or condition to the original sale to the purchaser to limit the terms or conditions of resale…"

Properties in Colorado. Compl. ¶¶ 16, 43. Plaintiff alleges that "Kroenke places a statement on tickets to certain events" that provides that the ticket is "non-transferable." Compl. ¶¶ 3, 17, 39. Plaintiff claims that Kroenke "suppresses the resale of its tickets through an arrangement with TicketHorse, LLC ("TicketHorse") "and an electronic marketplace, Flash Seats," and that Kroenke charges certain fees for any ticket purchased through the Kroenke-owned businesses. *Id.* ¶¶ 4, 23, 24, 29-30.

Plaintiff further alleges that he "purchased tickets to several events at the Pepsi Center and other Kroenke Properties via TicketHorse." *Id.* ¶ 38 (emphasis added). With respect to WWE, Plaintiff alleges that WWE "promotes and produces entertainment at Kroenke Properties," Compl. ¶¶ 10, 32, but does not allege that he bought his ticket from WWE by original sale. All Plaintiff asserts with respect to WWE is that WWE "provides links on its website where interested consumers can click 'Buy Tickets' and be routed to a location for the online purchase of tickets." *Id.* ¶ 10. While Plaintiff pleads the legal conclusion that WWE is an "Operator" under Section 718, Plaintiff does not factually allege that WWE itself prints or sells tickets to events or that he purchased any tickets from WWE for any event in Colorado.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face only where the complaint "contain[s] sufficient factual matter" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," such as the allegations on display in Plaintiff's Complaint, "do not suffice." *Id.*; *see also Two Moms and a Toy,*

*LLC v. Int' Playthings, LLC*, 898 F. Supp. 2d 1213, 1216 (D. Colo. 2012). Further, if it appears that – as here – Plaintiff cannot recover on any viable theory, then dismissal with prejudice is proper as any amendment would be futile. *Shifrin v. Toll*, 483 Fed. App'x 446, 448-450 (10th Cir. 2012).

## ARGUMENT

### I. PLAINTIFF DOES NOT HAVE STANDING TO SUE WWE

To establish standing,[4] Plaintiff must allege (1) an injury-in-fact that (2) is fairly traceable to alleged actions of each defendant for which (3) the Court can offer redress. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Allen v. Wright*, 468 U.S. 737, 751-52 (1984); *see Winsness v. Yocom*, 433 F.3d 727, 731-32 (10th Cir. 2006) (complaint dismissed where it alleged conjectural and hypothetical injury). This is the "irreducible minimum" required for Plaintiff to proceed with his claims. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). Plaintiff bears the burden of proof as to each element of standing. *Lujan*, 504 U.S. at 561; *Winsness*, 433 F.3d at 733.

Here, Plaintiff does not have standing to sue WWE. As an initial matter, Plaintiff does not allege an injury traceable to any action of WWE. In fact, Plaintiff concedes that he did not purchase any tickets from WWE, and that WWE did not itself put "non-transferable" language on any ticket. Rather, Plaintiff expressly admits that he purchased tickets through TicketHorse, *see* Compl. ¶¶ 38, 39, and that "Kroenke places [the purportedly offending statement] on tickets," *see id.* ¶¶ 3, 4. Although Plaintiff alleges that WWE "provides links on its website" to purchase tickets, *see id.* ¶ 10, he also admits that any person clicking on such link is "routed to a location for the online purchase of tickets," and is

---

[4] Standing is a jurisdictional issue that is routinely addressed on Rule 12(b)(1) motions. *Heath v. Board of County Comr's of Boulder Cty.*, 92 Fed. App'x. 667, 672 (10th Cir. 2004) (affirming Rule 12(b)(1) dismissal for lack of standing).

"directed to websites where [a person] may buy tickets to WWE events," *id.* ¶¶ 10, 32. Nowhere does Plaintiff allege that WWE itself sold tickets to events in Colorado, much less sold a ticket to him. Thus, Plaintiff has not -- and indeed, cannot -- allege a causal connection between any action by WWE and the alleged harm, as he must to demonstrate standing to sue. *Winsness*, 433 F.3d at 737 (affirming dismissal for lack of standing; "these defendants did not issue the citation to [plaintiff] and are not responsible for maintaining any record of it"). And because the named Plaintiff cannot sustain a claim, the putative class claims also fail. *Nero v. Am. Family Mut. Ins. Co.*, 2012 WL 4478958, at *3 (D. Colo. Sept. 28, 2012) (dismissing class action complaint alleging violation of CCPA).[5]

Furthermore, Plaintiff's implication that he might suffer harm "sometime" in the future is not a cognizable form of injury for the purpose of establishing standing. *City of L.A. v. Lyons*, 461 U.S. 95, 101-02 (1983); *Winsness*, 433 F.3d at 733 (no standing exists where plaintiff fails to plead a concrete, present injury); *Heath*, 92 Fed. App'x. at 674 (same). While Plaintiff alleges that certain language on the back of tickets "subjects consumers to risk of invalidation," Compl. ¶ 40, "renders the consumer's ability to resell the ticket ambiguous," *id.* ¶ 54, and that Plaintiff has supposedly "missed opportunities to buy and sell on more favorable terms," *id.* ¶ 56, he does not allege that he attempted to resell a single ticket and was unable to do so because of the language on the back of the ticket. Plaintiff does not allege that he was denied use of the ticket for the specified event. Indeed, according to his allegations, Plaintiff never attempted either to use or resell his ticket. Plaintiff has therefore failed to allege any injuries which are concrete and actual, let alone that any purported injury is fairly traceable to any

---

[5] Even if Plaintiff had standing to act as a class representative, the CCPA explicitly prohibits a plaintiff from pursuing class claims for violation of the CCPA, and as such, his claims purportedly brought on behalf of a class should be dismissed. *See Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274, 278 (Colo. App. 1993); *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212, 1219 (D. Colo. 2012); Colo. Rev. Stat. § 6-1-113(2).

alleged action of WWE. Each of his claims against WWE should be dismissed for lack of standing. *Lujan*, 504 U.S. at 560-61.

## II.   PLAINTIFF FAILS TO STATE A CCPA CLAIM

For essentially the same reason, plaintiff fails to state a claim under the CCPA. A CCPA claim is cognizable only if Plaintiff can show the defendant knowingly engaged in a deceptive trade practice. *Crowe v. Tull*, 126 P.3d 196, 204 (Colo. 2006); *Two Moms*, 898 F. Supp. 2d at 1220. Thus, to adequately plead a CCPA claim, Plaintiff must allege: that the (1) defendant engaged in a practice deemed deceptive; (2) the challenged practice occurred in the course of defendant's business; (3) the practice significantly impacts the public as actual or potential consumers of defendant's goods, services, or property; (4) Plaintiff suffered an injury in fact to a legally protected interest; and (5) the challenged practice caused Plaintiff's injury. *Two Moms*, 898 F. Supp. 2d at 1219; *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003). Plaintiff is required to plead deception with particularity pursuant to Rule 9(b). *Nero*, 2012 WL 4478958, at *3. The failure to adequately allege any one of the CCPA's elements mandates dismissal of the claim. *Two Moms*, 898 F. Supp. 2d at 1219. Here, Plaintiff at the least fails to establish elements (1), (3), (4), and (5).

### A.   Plaintiff Does Not Allege Facts to Demonstrate That WWE Is an "Operator" Under Section 718 and Thus Fails to Plead Element (1) Of the CCPA

Plaintiff's CCPA claim against WWE is entirely premised on the purported violation of Section 718. As a threshold matter, to sustain his claim against WWE pursuant to Section 718(3)(a), Plaintiff must allege that he purchased a ticket from WWE and that WWE knowingly limited the terms or conditions of resale. Section 718(d) defines "Purchaser" as "a person … who purchases a ticket to a place of entertainment." Section 718(g) defines "Ticket" as "a license issued by the operator of a place of entertainment for admission to an event." Section 718(a) defines "Operator" as "a person or entity

who owns, operates or controls a place of entertainment or who promotes or produces entertainment and that sells a ticket to an event for original sale" (emphasis added).[6] Unless WWE is an "operator," as defined in the statute, plaintiff's claim under the CCPA fails. Thus, if Plaintiff does not plead that he (1) purchased (2) a ticket (3) from WWE (4) for original sale, his claim necessarily fails.

Here, Plaintiff does not allege that he purchased a ticket from WWE. To the contrary, Plaintiff affirmatively alleges that he "purchased tickets to several events at the Pepsi Center and other Kroenke Properties via TicketHorse." Compl. ¶ 38.[7] Plaintiff alleges that the purportedly impermissible resale language is set forth on "Kroenke's tickets." *Id.* ¶ 39. Plaintiff further admits that Kroenke -- not WWE -- "prints and sells" tickets to events at Kroenke Properties in Colorado, *id.* ¶ 16, and that Kroenke "sells millions of tickets," *id.* ¶ 43. The ticket to the WWE event that Plaintiff allegedly purchased and attached as Exhibit A to the Complaint bears TicketHorse's logo, web address, and telephone number, and contains the "KSE" watermark logo in the center of the ticket. *See* Compl. at Ex. A.

What Plaintiff does not allege is that: (1) WWE itself prints or sells tickets to events; (2) he purchased tickets from WWE for any event in Colorado; (3) he went to the WWE website and clicked 'Buy Tickets'; or (4) WWE's website sells tickets. Plaintiff's bare legal conclusion that WWE is an "Operator," *Id.* ¶¶ 33, 52, not only fails under *Twombly*, it is conclusively contradicted by the factual allegations in his Complaint in which he admits that he purchased tickets not from the WWE, but from Kroenke via TicketHorse. *See Nero*, 2012 WL 4478958, at *2-3 (conclusory and generalized allegations insufficient to sustain class action CCPA claim). Further, Plaintiff's allegation that WWE

---

[6] The statute defines "Original Sale" and "Reseller" consistent with the definition of "Ticket," which definitions are limited to sale of tickets by an "operator." *See* 718(b), (f).

[7] Plaintiff alleges that TicketHorse is "founded and operate[d]" by, "own[ed] and operate[d]" by, and "controlled by" Kroenke. Compl. ¶¶ 9, 23, 24.

"provides links on its website" to a third party seller of tickets falls far short of alleging (as he must to sustain a Section 718 claim) that WWE itself sells tickets, much less that he actually bought a ticket from WWE. Indeed, Plaintiff tacitly admits that WWE does not sell the tickets, as he alleges that clicking the "Buy Tickets" link on the WWE's website causes the person to "be routed to a location for the online purchase of tickets," and "directed to websites where they may buy tickets to WWE events," Compl. ¶¶ 10, 32.

Because he admits that he purchased the WWE ticket from Kroenke, and the Complaint is otherwise devoid of allegations that support the contention that WWE is an "operator" within the meaning of the CCPA, the CCPA claim should be dismissed without leave to amend.

### B.      Plaintiff Fails to Plead Any Deceptive Conduct by WWE with Particularity

Plaintiff fails to allege that WWE engaged in deceptive conduct with the required particularity of Rules 12(b)(6) and 9(b). *See Two Moms*, 898 F. Supp. 2d at 1219. As an initial matter, to the extent Plaintiff claims that a violation of Section 718 is a *per se* violation of the CCPA, Plaintiff is wrong. No language in the CCPA provides that a violation of Section 718 constitutes a *per se* violation of the CCPA. *See Nauert v. Ace Properties and Cas. Ins. Co.*, 2005 WL 2085544, at *5 (D. Colo. Aug. 27, 2005) (CCPA must provide that violation of statute is *per se* violation of CCPA). Accordingly, even if he could show a violation of Section 718, Plaintiff would still need to demonstrate deceptive conduct, which he fails to do.

Plaintiff's allegations generically assert that "defendants knowingly violate [Section 718] by including language … that state[s] "this ticket is non-transferable," and that "such language imposes a limitation on resale on its face." Compl. ¶ 53. It is well-settled that these are the type of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" rejected by the Supreme Court. *Iqbal*, 129 S.Ct. at

1949; *accord Jensen v. Am.'s Wholesale Lender*, 425 Fed. App'x 761, 763-64 (10th Cir. 2011). Dismissal in entirety is warranted where, as here, Plaintiff's allegations fail to specify each defendant's conduct or to provide any factual allegations to distinguish their conduct. *Jensen*, 425 Fed. App'x at 763 (summarily lumping allegations against "defendants" collectively insufficient to state a claim).

With respect to WWE, there are no allegations that meet the Rule 12(b)(6) standard, much less the more stringent Rule 9(b) standard, which requires Plaintiff to set forth "the who, what, when, where and how" of the alleged deceptive misconduct. *Id.* 763. Again, Plaintiff expressly admits that it was Kroenke that prints and sells the tickets and placed the language on the tickets. Compl. at ¶¶ 3, 4, 16, 43.[8] Plaintiff does not allege that he purchased tickets from WWE directly or from WWE's website; rather, Plaintiff expressly admits he purchased tickets through TicketHorse. *Id.* ¶¶ 38, 39.

Accordingly, Plaintiff fails to allege any deceptive conduct either under the standard of Rule 12(b)(6) or Rule 9(b). *Two Moms*, 898 F. Supp. 2d at 1220 (dismissing CCPA claim for failure to plead knowledge with particularity). Because Plaintiff admits that Kroenke sold him his ticket and that it was Kroenke that placed the purportedly unlawful language on the tickets, the CCPA claim should be dismissed without leave to amend.

### C. Plaintiff Fails to Plead He Suffered an Injury to a Legally Protected Interest Caused by WWE or That the Practice Significantly Impacts the Public Interest

To sustain a CCPA claim, Plaintiff must also allege that WWE's conduct caused injury and that the defendant's practice significantly impacts the public interest. *Nero*, 2012 WL 4478958, at *3 (dismissing CCPA claim for failing to demonstrate injury caused by defendant); *Nauert*, 2005 WL

---

[8] The language on the back of the ticket confirms that it was drafted by the venue management, as it directs the ticket holder to "view the policies and procedures and the code of conduct" at "the venue website." *See* Compl., Ex. A; *Id.* ¶ 9 (Kroenke owns Pepsi Center).

2085544, at *6 (dismissing CCPA claim for failing to satisfy public interest factor). The Complaint is devoid of any such allegations with respect to WWE.

Nor does Plaintiff allege injury by WWE. Plaintiff alleges injuries in the form of "missed opportunities to buy and sell on more favorable terms," Compl. ¶ 56, "foregoing rights and opportunities in the resale market that [he] otherwise would have had," *id.* ¶ 39, and "overpaying for tickets that contain a provision that was void as against public policy," *id.* ¶ 40. Yet, Plaintiff does not allege that he, or any member of the putative class, tried to resell the ticket to the WWE event and was unable to do so due to the only alleged deceptive practice, which is the inclusion of the "non-transferable" language on the back of the ticket. *See Kreft v. Adolph Coors Co.*, 170 P.3d 854, 856-58 (Colo. 2007) (affirming dismissal of CCPA class action because complaint failed to allege injury). While Plaintiff contends that he has "incurred actual damages," the Complaint is bereft of any further specificity. Indeed, the only "actual damages" that are identified by Plaintiff relate solely to the charges and fees that Kroenke and TicketHorse supposedly impose – damages not caused by WWE.[9] Accordingly, Plaintiff cannot demonstrate that any injury sustained as a result of a statement on the ticket was caused by WWE.[10]

Moreover, Plaintiff cannot satisfy the public interest requirement of the CCPA. Plaintiff's claim hinges on his apparent personal desire to buy and resell tickets, rather than a practice that significantly impacts the public interest. *Nauert*, 2005 WL 2085544, at *6 (CCPA cannot be used to remedy a

---

[9] Plaintiff, however, does not allege that TicketHorse imposed on Plaintiff, or that Plaintiff paid, such charges. *See* Compl. ¶ 30.

[10] In any event, the express terms of the ticket itself contemplate that resale is permitted. Specifically, the fifth paragraph on the back of the ticket provides that "Unlawful resale or unlawful attempted resale is grounds for seizure and cancellation without compensation. Tickets obtained from unauthorized sources may be lost, stolen or counterfeit, and if so are void." Compl. Ex. A (emphasis added). Thus, the ticket itself recognizes that resale can occur, it just must be a "lawful" resale.

purely private wrong). Plaintiff has not alleged that he or any other consumer bought tickets with the intent to resell as opposed to using the tickets to go to the WWE event. *Hansen v. Auto-Owners Ins. Co.*, 2010 WL 749820, at *5 (D. Colo. March 4, 2010) (mere fact that Plaintiff may have a dispute "does not necessarily mean that other members of the public are or have been affected" by challenged practice). Absent allegations that the conduct "has or will affect other consumers," as is the case here, the claim should be dismissed with prejudice. *Mbaku v. Bank of Am., Nat. Ass'n*, 2013 WL 425981, at *7 (D. Colo. Feb. 1, 2013).

In sum, what Plaintiffs' allegations affirmatively establish is that he was in no way deceived or injured by any act of WWE. By his own admission, Plaintiff is a serial purchaser of tickets to Pepsi Center events through Kroenke via TicketHorse. For example, according to Plaintiff, he purchased a ticket from TicketHorse for a Denver Nuggets game on May 10, 2012 (which he attaches as Exhibit B to his Complaint), and that ticket contains the same allegedly offending language as the ticket for the WWE event scheduled two months later on July 9, 2012, which he attaches as Exhibit A. If Plaintiff indeed claims that he felt that he could not resell the WWE ticket because of the language on the ticket, then he, not WWE, caused whatever illusory damage that he claims to have suffered. Plaintiff cannot knowingly buy a ticket that contains this language, and then argue that he was damaged because he felt he was then unable to resell the ticket. At a minimum, when he bought the WWE ticket for the July 9, 2012 event, he was already on notice from his earlier purchase from TicketHorse of tickets to the Denver Nuggets game two months earlier on May 10, 2012 that TicketHorse/Kroenke tickets contained this language. Plaintiff cannot now argue he was deceived by WWE because of this same language that appears on his later-acquired WWE ticket as was on his Denver Nuggets ticket from two months earlier. What his Complaint illustrates is that Plaintiff buys tickets solely for the purpose of

manufacturing strike suits against Kroenke and others, that he was not deceived by the same language appearing on his later-acquired WWE ticket, and whatever damage he suffered was not caused by any act of WWE, but rather by his own voluntary informed (and avoidable) actions.

### III.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT OR FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

To state a claim for breach of contract, Plaintiff must allege (1) the existence of a contract between Plaintiff and WWE, (2) performance by Plaintiff or justification of non-performance, (3) failure of the defendant to perform, and (4) resulting damages to Plaintiff. *Tatten v. Bank of Am. Corp.*, 912 F. Supp. 2d 1032, 1041 (D. Colo. 2012). Plaintiff must specifically allege each element, including that the particular defendant caused Plaintiff's damages. *Id.; Mbaku*, 2013 WL 425981, at *8. Further, a claim for breach of the covenant of good faith and fair dealing can only be made where the Plaintiff is in a contractual relationship with the defendant. *Sweeney v. Marvin Windows, Inc.*, 2010 WL 4256195, at *5 (D. Colo. Oct. 20, 2010) (no independent cause of action exists in the absence of a contract).

Here, Plaintiff fails to plead the existence of a contract between WWE and himself or that the breach of any supposed contract caused Plaintiff damages. Notwithstanding Plaintiff's entirely conclusory allegation that he "entered into valid and enforceable contracts whereby [Plaintiff was] granted a ticket license," Compl. ¶ 59, as set forth above, Plaintiff did not allege that he purchased a ticket from WWE, or that some form of contract exists between Plaintiff and WWE. Nor could he. Pursuant to Section 718(g), the CCPA defines a ticket as nothing more than "a license <u>issued by the operator of a place of entertainment</u> for admission to an event…" (emphasis added). Plaintiff does not allege that WWE is the operator of a place of entertainment and indeed admits it is not. *See* Compl. ¶ 9 ("Kroenke … operates the Pepsi Center"). Because WWE does not sell tickets and it is not an operator of a place of entertainment, Plaintiff's claims for breach of contract and for breach of the covenant of

good faith and fair dealing should be dismissed with prejudice. *Carnation Building Servs., Inc. v. City and County of Denver*, 2011 WL 6940474, at *4-5 (D. Colo. Dec. 29, 2011) (in absence of contract, dismissing breach of contract and covenant of good faith and fair dealing claims with prejudice).

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

To sustain a claim for unjust enrichment, Plaintiff must prove: "(1) at the Plaintiff's expense (2) the defendant received a benefit (3) under circumstances that would make it unjust for the defendant to retain the benefit without paying." *Mandelbaum v. Fiserv, Inc.*, 787 F. Supp. 2d 1226, 1244 (D. Colo. 2011). Plaintiff has not alleged elements 2 and 3 against WWE. As shown above, WWE did not have any role in the ticketing language, and as such, it cannot have acted unjustly. Because Plaintiff allegedly purchased the ticket from Kroenke, not WWE, *see* Compl. ¶ 38, the Complaint fails to allege that WWE received a benefit from Plaintiff or that it would be unjust for WWE to retain that benefit. *Carnation Building Servs., Inc.*, 2011 WL 6940474, at *5 (dismissing unjust enrichment claim with prejudice). Further, the claim is defective because even if some benefit was conferred in the form of buying a ticket to a show, no injustice or inequity resulted. There is no allegation that WWE did not perform the show. As explained above, Plaintiff did not allege that he ever tried to resell the ticket and was prevented from doing so. Speculation that he could not sell the ticket is simply insufficient to state a claim for unjust enrichment. *Mandelbaum*, 787 F. Supp. 2d at 1244 (unjust enrichment theory fails when premised on vague and conclusory allegations). Plaintiff's claim for unjust enrichment should be dismissed.[11]

---

[11] WWE joins in the arguments set forth in Kroenke's motion to dismiss dated October 25, 2013. See Dckt. No. 21.

## CONCLUSION

For the foregoing reasons, WWE respectfully requests that the Court grant its motion, dismissing the Complaint in its entirety with prejudice and entering judgment in favor of WWE, award WWE its reasonable attorneys' fees and costs incurred in making this motion and defending against this action; and grant such other relief as the Court deems just and equitable.

Dated: October 31, 2013    Respectfully submitted,

*s/Craig R. May*
Craig R. May (#32267)
Kenneth E. Stalzer (#42896)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
303.244.1800
may@wtotrial.com
stalzer@wtotrial.com

R. Bruce Allensworth

| Jerry S. McDevitt | Ryan M. Tosi |
|---|---|
| K&L Gates LLP | K&L Gates LLP |
| 210 Sixth Avenue | One Lincoln Street |
| Pittsburgh, PA  15222-2613 | Boston, MA  02111 |
| 412.355.8608 | 617.261.3100 |
| jerry.mcdevitt@klgates.com | bruce.allensworth@klgates.com |
| | ryan.tosi@klgates.com |

Attorneys for
World Wrestling Entertainment, Inc.

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on October 31, 2013, I electronically filed the foregoing **WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Kevin D. Evans**
kdevans@s-elaw.com, lwickham@s-elaw.com, tdavidson@s-elaw.com

**John T. Osgood**
josgood@s-elaw.com, lwickham@s-elaw.com, tdavidson@s-elaw.com

**Steven Lezell Woodrow**
swoodrow@edelson.com, mlindsey@edelson.com, docket@edelson.com, ppeluso@edelson.com

**Craig R. May**
may@wtotrial.com, prechodko@wtotrial.com

**Kenneth E. Stalzer**
stalzer@wtotrial.com, wallace@wtotrial.com

**Jerry S. McDevitt**
jerry.mcdevitt@klgates.com, eileen.wargo@klgates.com, rachael.sobolak@klgates.com

**Robert Bruce Allensworth**
bruce.allensworth@klgates.com

**Ryan M. Tosi**
ryan.tosi@klgates.com, klgateseservice@klgates.com

**IJay Palansky**
ipalansky@s-elaw.com

                                         *s/Kimberlee Prechodko*
                                         Kimberlee Prechodko for Craig R. May