IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02481-PAB-CBS

ROBERTO FUENTES, individually and on behalf of
all others similarly situated,

        Plaintiff,

v.

KROENKE SPORTS & ENTERTAINMENT, LLC,
a Delaware LLC, d/b/a TICKETHORSE, LLC, a CO LLC,
WORLD WRESTLING ENTERTAINMENT, INC.,
a DE Corp.,
and JOHN DOE DEFENDANTS,

        Defendant.

## WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO VACATE SCHEDULING CONFERENCE AND FOR EXPEDITED CONSIDERATION, AND BRIEF IN SUPPORT

Defendant World Wrestling Entertainment, Inc. ("WWE") moves to vacate the scheduling conference set for December 4, 2013 until a time after the Court decides on the pending Motion to Stay Discovery. WWE also requests expedited briefing and consideration of this motion, as the scheduling conference is approximately 30 days from now and will occur before full briefing of the Motion to Stay has been completed.

Re-setting the scheduling conference is appropriate in this class action because Defendants have filed dispositive motions that would dispose of the case. Defendant Kroenke Sports & Entertainment, LLC ("KSE") has filed a motion to deny class certification and a motion to stay discovery, and continuing the scheduling conference until the motion to stay discovery

can be ruled upon will save the parties and the Court the time and expense of setting a schedule that may not be necessary. Particularly in a class action where discovery may be burdensome and unnecessary, this Court has been willing to stay discovery. Moreover, WWE's Motion to Dismiss challenges subject matter jurisdiction, and this Court has found that challenges to jurisdiction should be resolved as early as possible and before requiring the parties to engage in discovery.

## CERTIFICATE OF CONFERRAL

Pursuant to L.R.COLO.LCivR 7.1A, WWE's counsel conferred with Plaintiff's counsel, who indicated that Plaintiff opposes the relief sought in this Motion. Co-Defendant KSE does not object to the Motion and joins it.[1]

## BACKGROUND

Plaintiff filed this putative class action complaint on September 13, 2013, alleging a violation of the Colorado Consumer Protection Act and contract-related claims based on allegations that Defendants purportedly sold him tickets with unlawful restrictions on their resale. Compl. ¶¶ 50-57, ECF No. 1. Both Defendants moved to dismiss all claims (ECF Nos. 21 & 29), and KSE filed a Motion to Deny Class Certification (ECF No. 22). KSE filed a Motion to Stay Discovery (ECF No. 23), which seeks a temporary stay pending a ruling on its motions. WWE joined the Motion to Stay (ECF No. 30). Plaintiffs have obtained extensions of time to respond to all of Defendants' motions, such that their responses are not due until the end of

---

[1] Pursuant to Local Civil Rule 6.1E, a copy of this Motion is simultaneously being served on the moving attorneys' client.

November, at the earliest. Before the filing of any motions, the Court set the Rule 16(b) scheduling conference for December 4, 2013. (ECF No. 12.)

## ARGUMENT

KSE's Motion to Stay Discovery sets out the reasons why a temporary stay of discovery is appropriate in this case. Significantly, Defendants have filed dispositive motions, and it would be a burden on the parties and an inefficient use of judicial resources to proceed with discovery at this point. *See, e.g., Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2012 WL1801981 at *1 & 3 (D. Colo. May 17, 2012); *Stone v. Vail Resorts Development Co.*, No. 09–cv–02081–WYD–KLM , 2010 WL 148278 at *2-3 (D. Colo. Jan. 7, 2010); *cf. Benge v. Pounds*, No. 07–cv–01849–REB–MEH, 2008 WL 163038, at *1 (D. Colo. Jan. 14, 2008) (granting stay of discovery without expressly analyzing burden on parties and the court). The same logic that weighs in favor of a stay of discovery also weighs in favor of continuing the scheduling conference. It would be inefficient for the parties to confer, prepare a proposed scheduling order, go through their Rule 26(a) disclosures, and then appear for the scheduling conference if the Court is going to stay discovery pending the outcome of the dispositive motions. Moreover, continuing the scheduling conference would not result in a material delay in the case since presumably the Motion to Stay will be ruled upon fairly soon. If the Motion to Stay is granted, then there is no need to have the scheduling conference until the dispositive motions are ruled upon. If the Motion to Stay is denied, then the scheduling conference can be re-set in short order.

A stay and continuance are especially appropriate here, where subject-matter jurisdiction is challenged in a Rule 12 motion. Subject matter jurisdiction should be determined "as early as possible in the litigation." *Cuin v. Adams Cnty. Bd. of Cnty. Comm'rs*, No. 10-CV-01704-PAB-

MEH, 2010 WL 3715162, at *2 (D. Colo. Sept. 13, 2010). While deciding such an issue, it is proper to stay discovery and vacate the scheduling conference. *See id*. (granting motion to stay discovery and to vacate scheduling conference pending disposition of motion to dismiss arguing lack of subject-matter jurisdiction); *see also Ace Am. Ins. Co. v. Dish Network, LLC*, No. 13-CV-00560-REB-MEH, 2013 WL 3771267, at *2 (D. Colo. July 16, 2013) ("[A]s the pending Motion to Dismiss concerns the threshold issue of subject matter jurisdiction and may resolve this matter in its entirety, the Court finds good cause exists to impose a temporary stay [and vacate the scheduling conference] until the District Court rules on the pending Motion to Dismiss."); *Ind v. Colorado Dep't of Corr.*, No. 09-CV-00537-WJM-KLM, 2012 WL 202779, at *2 (D. Colo. Jan. 23, 2012) ("Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. Thus, a stay of discovery [and vacating of the scheduling conference] during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient."); *Small v. Astrue*, No. 08-CV-01864-LTB-KLM, 2009 WL 130334, at *1 (D. Colo. Jan. 20, 2009) (same; noting that "until jurisdiction can be established, the Court determines that the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have her case proceed expeditiously").

      Both Defendants argue that Plaintiff fails to plead any cognizable injury (*see* ECF No. 21 at 7), and WWE explicitly argues that Plaintiff lacks standing and that his complaint should be dismissed under Rule 12(b)(1) because the Court lacks subject-matter jurisdiction (ECF No. 29 at 5-7). Until threshold and dispositive issues are decided, the burden of going forward outweighs Plaintiff's interest in proceeding expeditiously. *See, e.g., Cuin*, 2010 WL 3715162.

## CONCLUSION

The Court should vacate the December 4, 2013, scheduling conference until after it rules on the pending Motion to Stay. If it grants the Motion to Stay, then it should wait until after the resolution of the Motions to Dismiss before addressing whether to re-set the scheduling conference. This would conserve party and judicial resources and is appropriate under the circumstances.

Dated: November 5, 2013　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*s/ Craig R. May*
　　　　　　　　　　　　　　　　　　　　Craig R. May (#32267)
　　　　　　　　　　　　　　　　　　　　Kenneth E. Stalzer (#42896)
　　　　　　　　　　　　　　　　　　　　Wheeler Trigg O'Donnell LLP
　　　　　　　　　　　　　　　　　　　　370 Seventeenth Street, Suite 4500
　　　　　　　　　　　　　　　　　　　　Denver, CO  80202-5647
　　　　　　　　　　　　　　　　　　　　303.244.1800
　　　　　　　　　　　　　　　　　　　　may@wtotrial.com
　　　　　　　　　　　　　　　　　　　　stalzer@wtotrial.com

Jerry S. McDevitt　　　　　　　　　　　　R. Bruce Allensworth
K&L Gates LLP　　　　　　　　　　　　　Ryan M. Tosi
210 Sixth Avenue　　　　　　　　　　　　K&L Gates LLP
Pittsburgh, PA  15222-2613　　　　　　　 One Lincoln Street
412.355.8608　　　　　　　　　　　　　　Boston, MA 02111
jerry.mcdevitt@klgates.com　　　　　　　 617.261.3100
　　　　　　　　　　　　　　　　　　　　bruce.allensworth@klgates.com
　　　　　　　　　　　　　　　　　　　　ryan.tosi@klgates.com

　　　　　　　　　　　　　　　　　　　　Attorneys for
　　　　　　　　　　　　　　　　　　　　World Wrestling Entertainment, Inc.

## **CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on November 5, 2013, I electronically filed the foregoing **WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO VACATE SCHEDULING CONFERENCE AND FOR EXPEDITED CONSIDERATION, AND BRIEF IN SUPPORT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Kevin D. Evans**
kdevans@s-elaw.com, lwickham@s-elaw.com, tdavidson@s-elaw.com

**John T. Osgood**
josgood@s-elaw.com, lwickham@s-elaw.com, tdavidson@s-elaw.com

**Steven Lezell Woodrow**
swoodrow@edelson.com, mlindsey@edelson.com, docket@edelson.com, ppeluso@edelson.com

**Craig R. May**
may@wtotrial.com, prechodko@wtotrial.com

**Kenneth E. Stalzer**
stalzer@wtotrial.com, wallace@wtotrial.com

**Jerry S. McDevitt**
jerry.mcdevitt@klgates.com, eileen.wargo@klgates.com, rachael.sobolak@klgates.com

**Robert Bruce Allensworth**
bruce.allensworth@klgates.com

**Ryan M. Tosi**
ryan.tosi@klgates.com, klgateseservice@klgates.com

**IJay Palansky**
ipalansky@s-elaw.com

*s/ Craig R. May*
Craig R. May
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
303.244.1800
may@wtotrial.com