**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Philip A. Brimmer**

Civil Action No.:     13-cv-2481-PAB-CBS

ROBERTO FUENTES, individually and on
behalf of all others similarly situated,

    Plaintiff,

*vs.*

KROENKE SPORTS &
ENTERTAINMENT, LLC, d/b/a [sic]
TICKETHORSE, LLC, WORLD
WRESTLING ENTERTAINMENT, INC.,
and JOHN DOE DEFENDANTS,

    Defendants.

---

**DEFENDANT KROENKE SPORTS & ENTERTAINMENT, LLC'S REPLY IN
FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION
COMPLAINT AND JURY DEMAND**

---

Plaintiff's Response In Opposition To [KSE's] Motion To Dismiss ("Response") [Doc. No. 39, filed 11/29/2013] parrots the "threadbare legal conclusions" that doom his Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition to his insupportable legal theories and other pleading failures, Plaintiff ultimately cannot avoid the fact that he fails to plead a single instance in which he (or anyone else for that matter) wanted to resell a ticket but was prevented from doing so by KSE.

## I. PLAINTIFF'S CCPA CLAIM LACKS MERIT AND SHOULD BE DISMISSED

### A. Plaintiff Invents And Then Embraces An Insupportable Interpretation Of Section 6-1-718

Plaintiff contends that KSE unlawfully " 'appl[ied] a term or condition to the original sale to the purchaser to limit the terms or conditions of resale.' " (Response at 3 (quoting COLO. REV. STAT. § 6-1-718(3)(a))). Plaintiff's analysis depends entirely on his attempt to misinterpret the word "apply" to mean (and rewrite the CCPA to say) "include."[1]

The crux of Plaintiff's argument is that the mere *inclusion* of the words "this ticket is non-transferable" among the over 460 words on the back of some tickets is an *application* of the term, even in the absence of any allegation that KSE ever prevented any ticketholder from reselling a ticket, or declined to admit any holder of any resold ticket, or took any action related to the Disputed Language whatsoever.[2] Unfortunately for Plaintiff, no amount of lingual gymnastics can change the fact that the Statute does not say "include"; it says "apply." And apply, by its ordinary dictionary definition, requires more: it requires use of the allegedly offending verbiage to prevent Plaintiff from reselling (*i.e.*, actually "apply[ing] a term or condition . . . to limit the terms or condition of resale"). Plaintiff's attempt to have the Court rewrite the CCPA provision in question to substitute the word "include" in place of "apply" should be rejected.

---

[1] "Apply" means to "bring or put into operation or practical use." OXFORD DICTIONARY, http://www.oxforddictionaries.com/definition/american_english/apply?q=apply (last visited December 13, 2013).

[2] And as noted on page 3 footnote 3 of KSE's Motion To Deny Class Certification [Doc. No. 22, filed 10/25/2013], thousands upon thousands of tickets are resold to events at KSE venues. Accordingly, Plaintiff's remark on page 14 of his Response to WWE's Motion To Dismiss [Doc. No. 45, filed 12/5/2013] that "WWE and Kroenke allegedly restrict the functioning of an secondary entire [sic] market" is a hyperbolic falsehood.

### B. Consideration Of The Complete Ticket Language, Rather Than The Selective Reliance On Four Words, Shows KSE Did Not Violate The CCPA

As explained on page 6 of the Motion To Dismiss [Doc. No. 21, filed 10/25/2013], the tickets which Plaintiff selectively quotes and on which his cause of action is based unambiguously provide: "Unlawful resale or unlawful attempted resale is grounds for seizure and cancellation without compensation." The only fair interpretation of this provision is that lawful resales will be honored. Plaintiff conveniently and conspicuously avoids mentioning this language in the Complaint. When forced to address the language in response to the Motion To Dismiss, however, Plaintiff argues that this provision is irrelevant because it is separated by two paragraphs from the four words on which he bases his entire case. (Response at 4). Plaintiff's observation regarding the placement of the language does nothing to call into question the only reasonable interpretation when the ticket is read as a whole as required by Colorado law: that only *unlawful* resales will be prohibited. This is precisely why Plaintiff does not in his Complaint (and cannot in his Response) claim that KSE "applied" any language to Plaintiff in an effort to prevent Plaintiff (or anyone else) from reselling any ticket.

### C. Plaintiff's Failure To Plead Injury-In-Fact Mandates Dismissal

"[F]or a private cause of action under the CCPA, the plaintiff must . . . demonstrat[e] . . . ***injury in fact*** . . . ." *Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998) (emphasis added) (citing *Wimberly v. Ettenberg*, 570 P.2d 535, 537 (Colo. 1977)). *See also Cooke v. Hickenlooper*, No. 13-CV-01300-MSK-MJW, 2013 WL 6384218, at *4 (D. Colo. Nov. 27, 2013) ("To establish standing, a plaintiff must show that: (1) he or she has suffered an 'injury in fact' that is ***concrete and particularized, and actual or imminent (not merely conjectural or hypothetical)*** . . . ." (emphasis added)) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167,

180-81 (2000); *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004)); *Baker v. Colorado*, No. 11-CV-02578-PAB-KLM, 2012 WL 3744641 at *2 (D. Colo. Apr. 23, 2012) (same; plaintiff did "no more than imply in a most generalized way that he could be injured").

Indeed, the CCPA provides a right of action "to any person who (a) Is an actual or potential consumer of the defendant's good, services or property and *is injured as a result of* such deceptive trade practice." COLO. REV. STAT. § 6-1-113(1)(a) (emphasis added). If Plaintiff's theory were correct – *i.e.*, that a technical violation of the statute is sufficient "injury" for standing purposes (KSE does not concede that the Disputed Language constitutes a technical violation) – then there would be no need for the "injured as a result of" language in Section 6-1-113(1)(a) (*i.e.*, it would be superfluous). According to basic statutory construction, courts must construe a statute as a whole and give effect to each provision. *See Hall*, 969 P.2d at 231. The CCPA makes clear that to have standing, a person must be injured by a violation.

Plaintiff claims that *Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010), obviates the need to plead injury in fact in connection with a CCPA claim. Plaintiff is mistaken. In *Edwards*, the statute in question prohibited charging for certain services in connection with real estate transactions. The court found concrete injury in the form of unlawful charges for settlement services. *Id.* at 517. Here, Plaintiff claims no such concrete injury, only that the "offensive language . . . chills participation in the resale market and interferes with property rights." (Response at 7). Even if such conclusory, content-less verbiage were entitled to deference on a motion to dismiss, which it is not (*Iqbal*, 556 U.S. at 677-78), Plaintiff never alleges that KSE ever prevented any resale or attempted resale by Plaintiff (or anyone else). Plaintiff never even alleges that he wanted to resell a ticket. The "indirect and incidental"

4

injuries pled here (inadequately) do not demonstrate the requisite "injury in fact." *Wimberly*, 570 P.2d at 539. Without it, neither Plaintiff nor the putative class has standing.

Plaintiff's citations to various decisions holding that damages were adequately pled in the form of "overpayments" (Response at 8-9) are likewise distinguishable. The Eleventh Circuit's decision in *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 (11th Cir. 2012), in which the court found that the plaintiffs' allegation that they had become victims of identity theft and had suffered specific monetary damages as a result (*e.g.*, unauthorized credit card purchases) asserted an injury in fact, illustrates this distinction nicely. Whereas in *Resnick* (and the remaining decisions cited by Plaintiff at page 9) the plaintiffs pled specific facts demonstrating concrete injury in fact, Plaintiff here nebulously alleges "reduc[tion] [of] the ticket's overall value" (Response at 9) with absolutely no supporting factual allegations. Plaintiff has not adequately alleged a "plausible" cause of action predicated on economic harm, and as a result lacks standing to assert a claim under the CCPA.[3]

## II.  THE PROHIBITION ON CLASS RECOVERY OF MONETARY DAMAGES UNDER THE CCPA MANDATES DISMISSAL OF THAT DAMAGES CLAIMS

Just last year, in *Martinez v. Nash Finch Co.*, 886 F. Supp. 2d 1212 (D. Colo. 2012), Chief Judge Krieger ruled that "[t]he plain and unambiguous language of [Section 6-1-113(2)] compels the conclusion that *all* of the remedies in subparts (a)(I)-(III) and (b), including actual damages, are not available to classes." *Id.* at 1218 (emphasis in original).

---

[3] On page 14 of his Response to WWE's Motion To Dismiss, Plaintiff claims that he "was forced to overpay for tickets irrespective of whether he ever wanted or tried to sell them." In addition to telegraphing what really is going on here, no one "forced" Plaintiff to purchase any ticket for any event.

On pages 18-20 of his Response, Plaintiff desperately appeals to irrelevant or unhelpful legislative history in an effort to persuade the Court to disregard *Martinez*. Chief Judge Krieger's decision is sound, however, and should be followed. Furthermore, because Section 6-1-113(2) is plain on its face, resort to legislative history not only is unnecessary, it is improper. *Genova v. Banner Health*, 734 F.3d 1095, 1099 (10th Cir. 2013) ("The [plaintiffs] retreat[ ] to an argument about statutory purpose. . . . [I]t mistakes the nature of the judicial authority. Where . . . 'the statute's language is ***plain' and not absurd on its face, 'the sole function of the courts . . . is to enforce it according to its terms***.' *Dodd v. United States,* 545 U.S. 353, 359 (2005) . . . . ***[I]t is Congress's plain directions, not our personal policy preferences, that control***." (emphasis added)); *Gov't Employees Ins. Co. v. Brown*, 739 F. Supp. 2d 1317, 1323 (D. Colo. 2010) (same), *aff'd sub nom. Gov't Employees Ins. Co. v. Moore*, 427 F. App'x. 643 (10th Cir. 2011).[4] Specifically, as Chief Judge Krieger correctly concluded, the plain language of Section 6-1-113(2) precludes class damages.

Not a single decision cited by Plaintiff in footnote 19 of his Response considers the issue decided by Chief Judge Krieger in *Martinez*.[5] Moreover, Plaintiff's argument that "cases following the [1987] amendment [of Section 6-1-113(2)] made clear that the courts continued to construe the [CCPA] as allowing for class actions, and the legislature never revised the Act to 'correct' those decisions" (Response at 18), relies on a false predicate. Unlike *Martinez*, not one

---

[4] Plaintiff contends on a separate issue that "[w]hen interpreting . . . a statute, the starting point is always the language of the statute itself," and that "[i]f the language is clear and unambiguous, the plain meaning of the statute controls." (Response at 6). We agree, and that principle precludes recovery of class damages consistent with *Martinez*.

[5] In fact, the one case to even mention § 6-1-113(2), *Payan v. Nash Finch Co.*, 310 P.3d 212 (Colo. App. 2012), initially was brought as a class action. The class action suit was voluntarily dismissed before it was served. *Id.* at 215.

of the cases on which Plaintiff relies addressed the question of whether Section 6-1-113(2) damages are available in a class action. Thus, without a decision on point until last year, the legislature cannot be said to have agreed that such damages are available, particularly when one considers the legislature's clear directive in the CCPA that they are not. Chief Judge Krieger's decision in *Martinez* is the only case squarely to decide the question of whether class damages are available under the CCPA, and her decision should be followed here.

### III.   FED. R. CIV. P. 9(b) CLEARLY APPLIES HERE, AND IT IS NOT SATISFIED

Plaintiff contends that FED. R. CIV. P. 9(b): (1) does not apply here; and (2) is satisfied regardless. (Response at 9-10). He is wrong on both counts. "A valid claim under the CCPA [requires a determination, *inter alia*] . . . 'that the defendant engaged in an unfair or deceptive trade practice . . . .' " *Two Moms and a Toy, LLC v. Int'l Playthings, LLC*, 898 F. Supp. 2d 1213, 1219 (D. Colo. 2012). "A person engages in a deceptive trade practice when, in the course of the person's business . . . the person: . . . (x) [v]iolates the provisions of . . . part 7 of this article." C.R.S. § 6-1-105(1)(x). Count I is predicated on CCPA Part 7.

As the court explained in *HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.*, "***a plaintiff must meet the heightened pleading requirements pursuant to Rule 9(b)*** to prove a deceptive . . . trade practice." 805 F. Supp. 2d 1115, 1120-21 (D. Colo. 2011) (emphasis added). Count I by statutory definition asserts a claim for an alleged deceptive trade practice. Ipso facto, Rule 9(b) applies to Count I.[6] As noted above, Plaintiff does not so much as mention a single instance when KSE applied any ticket provision to prevent the resale of any event ticket, let alone plead such an instance with the particularity required by Rule 9(b).

---

[6] For the reasons noted in this Section, cases from other jurisdictions regarding statutes of other States (Response at 10 footnote 10) are inapposite.

### IV.     PLAINTIFF'S REMAINING CLAIMS MUST BE DISMISSED ALONG WITH COUNT I

Plaintiff's two sentence argument on this point is thoroughly unpersuasive. For the reasons explained on pages 10-11 of the Motion To Dismiss, Counts II through IV also must be dismissed.

### V.      THE BINDING VERITIX ARBITRATION CLAUSE MANDATES DISMISSAL OF ANY CLAIM PREDICATED ON AN ONLINE TICKET PURCHASE

Plaintiff seeks to avoid the binding Veritix arbitration provision ("Provision"), which precludes online purchasers from pursuing their claims before the Court. (*See* Motion To Dismiss at 12). To the extent Plaintiff suggests that individuals who purchased tickets from the TicketHorse website (www.tickethorse.com) are not bound by the Veritix "Terms & Conditions [Of] Use" ("Terms"), allow us to put that argument to rest.

As evident from the TicketHorse website, when an online purchaser seeks to purchase tickets to any event via that site, the purchaser is immediately presented with the Terms, which include the Provision. *See* TICKETHORSE, http://www.tickethorse.com (last visited December 13, 2013). Once the purchaser clicks the "Buy Tickets" icon, a link to the Terms appears on pages thereafter throughout the purchase process, and the purchaser must accept the Terms to complete the ticket purchase. Simply put, it is impossible to purchase a ticket through the TicketHorse website without accepting the Terms.

Plaintiff's attempt to avoid the mandatory Provision also is misguided for several other reasons.

First, Plaintiff's argument that the Provision has not been authenticated (Response at 11) fails. The Court may take judicial notice of the Provision, as it is available via the worldwide web. (Motion To Dismiss at 11-12 footnote 7).

Second, the Provision applies to Plaintiff's claims and KSE may enforce the Provision as a third-party beneficiary. *PDX Pro Co., Inc. v. Dish Network, LLC*, No. 12-CV-01699-RBJ, 2013 WL 3296539, at *5-6 (D. Colo. July 1, 2013). As explained above, tickets purchased through TicketHorse are subject to the Terms. In addition, the Provision expressly provides that "[a]ny dispute ***relating to or arising from*** your purchase of or bid for ***any tickets*** and/or Right(s) or merchandise through our Websites will be resolved by binding arbitration . . . ." VERITIX TERMS & CONDITIONS USE [sic], http://terms.veritix.com/terms_of_use.aspx (last visited December 16, 2013) (emphasis added). And because the tickets are to events at KSE venues, KSE is clearly an intended beneficiary of the arbitration provision.

Third, Plaintiff's arguments that the Provision is either unconscionable or illusory are incorrect. In *Vernon v. Qwest Commc'ns Int'l, Inc.*, 925 F. Supp. 2d 1185, 1190-95 (D. Colo. 2013), cited by Plaintiff (Response at 14-15), Judge Jackson affirmed Magistrate Judge Shaffer's Order compelling arbitration in the context of a clickwrap[7] agreement such as the Provision here. Noting the "commonplace" nature of electronic agreements (*id.*), Judge Jackson determined that the agreement was not illusory, stating that "[i]t does not sit well that, having accepted the benefits, the subscriber wishes to avoid the consequences of having accepted the other terms and conditions that were part of the deal." *Id.* at 1194. Judge Jackson's analysis of the unconscionability factors is also directly on point, as Plaintiff seeks to avoid a provision online

---

[7] "Clickwrap is a commonly used term for agreements requiring a computer user to 'consent to any terms or conditions by clicking on a dialog box on the screen in order to proceed with [a] . . . transaction.'" 925 F. Supp. 2d at 1191 (quoting *Hancock v. AT & T Co., Inc.,* 701 F.3d 1248, 1255 (10th Cir. 2012)). "Clickwrap agreements are increasingly common and 'have routinely been upheld.'" *Id.* (quoting *Hancock*, 701 F.3d at 1256).

purchasers "had notice of," that "was reasonably conspicuous," and to which they "gave their unambiguous consent." *Id.* at 1195.

Finally, the putative class claims based on online purchases should be dismissed, not stayed, as the putative class claims cannot be arbitrated on a classwide basis. *Vernon*, 925 F. Supp. 2d at 1189-90; *see also* Motion To Dismiss at 12, footnote 8.

## CONCLUSION

WHEREFORE, Defendant Kroenke Sports & Entertainment, LLC respectfully requests that the Court grant its Motion To Dismiss Plaintiff's Class Action Complaint And Jury Demand.

Dated: December 13, 2013.                    Respectfully submitted,

                                  *s/Kevin D. Evans*
By: _____
Kevin D. Evans
John T. Osgood
STEESE, EVANS & FRANKEL, P.C.
6400 S. Fiddlers Green Circle
Suite 1820
Denver, Colorado 80111
Telephone:   720.200.0676
Facsimile:     720.200.0679
Email:  kdevans@s-elaw.com
        josgood@s-elaw.com

IJay Palansky
STEESE, EVANS & FRANKEL, P.C.
The Army and Navy Club Building
1627 I Street, N.W.
Suite 850
Washington, DC 20006
Email:  ipalansky@s-elaw.com

Attorneys for Defendant KROENKE SPORTS & ENTERTAINMENT, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2013, I caused the foregoing **DEFENDANT KROENKE SPORTS & ENTERTAINMENT, LLC'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Steven L. Woodrow
Megan L. Lindsey
EDELSON, LLC
999 West 18th Street
Suite 3000
Denver, CO 80202
Telephone: 303.357.4878
Facsimile: 303.446.9111
swoodrow@edelson.com
mlindsey@edelson.com

Jerry S. McDevitt
K&L GATES, LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Telephone:  412.355.8608
Facsimile:  412.355.6501
jerry.mcdevitt@klgates.com

Ryan M. Tosi
R. Bruce Allensworth
K&L GATES, LLP
One Lincoln Street
State Street Financial Center
Boston, MA 02111
Telephone:  617.261.3100
Facsimile:  617.261.3100
ryan.tosi@klgates.com
bruce.allensworth@klgates.com

Craig R. May
Kenneth E. Stalzer
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone: 303.244.1800
Facsimile: 303.244.1879
may@wtotrial.com
stalzer@wtotrial.com

                *s/Leigha Wickham*

                _____
                Leigha Wickham
                Paralegal
                STEESE, EVANS & FRANKEL, P.C.