**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Philip A. Brimmer**

Civil Action No.:   13-cv-2481-PAB-CBS

ROBERTO FUENTES, individually and
on behalf of all others similarly situated,

    Plaintiff,

*vs.*

KROENKE SPORTS &
ENTERTAINMENT, LLC, d/b/a [sic]
TICKETHORSE, LLC, and JOHN
DOE DEFENDANTS,

    Defendants.

---

**DEFENDANT KROENKE SPORTS & ENTERTAINMENT, LLC'S
MOTION TO DISMISS FOR LACK OF DIVERSITY/SUBJECT MATTER
JURISDICTION IN LIGHT OF THE DISMISSAL OF WORLD
WRESTLING ENTERTAINMENT, INC., AND TO STAY DISCOVERY**

---

Defendant Kroenke Sports & Entertainment, LLC ("KSE"), by its attorneys and pursuant to FED. R. CIV. P. 12(b)(1), moves to dismiss this case for lack of diversity and thus subject matter jurisdiction. Following the "voluntary" dismissal this week of World Wrestling Entertainment, Inc. ("WWE"), and in light of the decision in *United Fin. Cas. Co. v. Lapp*, Civil Action No. 12-cv-00432-MSK-

MEH, 2013 WL 1191392 (D. Colo. Mar. 21, 2013), it is readily apparent that the Court lacks diversity jurisdiction over this case, and thus lacks subject matter jurisdiction.

## INTRODUCTION

Plaintiff filed this case on September 11, 2013. In a nutshell, and based on a selective reading that omits material parts of ticket language, Plaintiff alleges that one sentence on the back of certain tickets prohibits resale of those tickets to events at KSE venues and thus violates Colo. Rev. Stat. § 6-1-718 (a section of the Colorado Consumer Protection Act). Plaintiff asserted causes of action against KSE and WWE.

On October 25, 2013, KSE moved to dismiss the Complaint [Doc. No. 21]. In its Motion To Dismiss, KSE asserts, among other things, that: i) Plaintiff lacks standing and thus the Court lacks subject matter jurisdiction over the case as Plaintiff fails to plead injury in fact; ii) Plaintiff fails to state a cause of action because he omits material portions of the ticket language that gut his claims; and iii) Plaintiff fails to state a cause of action because he fails to allege that KSE ever applied ticket language to Plaintiff or anyone else to prevent the lawful resale of

any ticket.  KSE also filed a Motion To Deny Class Certification on October 25, 2013 [Doc. No. 22].[1]  Those two motions are fully briefed.

KSE also filed a Motion To Stay Discovery [Doc. No. 23, filed 10/25//2013] pending the rulings on the Motion To Dismiss and Motion To Deny Class Certification.  On December 4, 2013, the Court held a hearing on KSE's Motion To Stay Discovery.  During that hearing, Plaintiff conceded that he had no evidence that WWE had any involvement or say in the language on the back of tickets to WWE events at KSE venues.  WWE demanded that Plaintiff dismiss WWE from this lawsuit.  When Plaintiff balked, WWE informed Plaintiff that WWE would be filing a Rule 11 Motion against Plaintiff.  Faced with that prospect, Plaintiff "voluntarily" dismissed WWE from this case on January 10, 2014 [Doc. No. 54].  The order noting WWE's termination from this case was entered on January 13, 2014 [Doc. No. 55].  With the dismissal of WWE, diversity jurisdiction no longer exists and thus the Court lacks subject matter jurisdiction over this case for that reason as well.

---

[1] Among other things, KSE explains in its Motion To Deny Class Certification that during the period September 27 – 30, 2013, and for 120 upcoming events at KSE venues, almost 92,000 tickets to events at KSE venues were being offered for resale on StubHub, and almost 93,000 postings offering to resell tickets were listed on SeatGeek.  StubHub and SeatGeek are just two of many secondary market sources used by consumers to resell tickets to events at KSE venues.

## ARGUMENT

The only remaining Defendants in this case are KSE and "John Doe Defendants." Plaintiff alleges that he is a citizen of Colorado (Complaint ¶ 8), and that KSE "is a Delaware limited liability company with it principal place of business at 1000 Chopper Circle, Denver, Colorado 80204." (*Id*. ¶ 9). Thus, the remaining identified parties are all Colorado citizens.

Chief Judge Krieger recently had the occasion to consider whether John Doe defendants suffice to establish diversity jurisdiction. Her answer: they do not:

> In the absence of controlling precedent on the question, this Court is inclined to defer to the "general rule" that "the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action."  . . . Indeed, a case such as *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 218 (7th Cir. 1997), which states that "because the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits," is considered by Wright and Miller to be preferable to the minority view . . . . Accordingly, absent a clear indication from the 10th Circuit that the minority rule should prevail, this Court adopts the more broadly-accepted rule and concludes that the identification of "John Doe" Defendants precludes a finding of diversity jurisdiction.

*Lapp*, 2013 WL 1191392, at *2 (citation omitted).

Accordingly, because Plaintiff and KSE are citizens of Colorado, the Court lacks diversity and thus subject matter jurisdiction over this case.[2]

\* \* \*

This Motion also implicates the Scheduling Conference set for Thursday, January 16, 2014, as discovery should be stayed. *See, e.g., Ace Am. Ins. Co. v. Dish Network, LLC*, No. 13-CV-00560-REB-MEH, 2013 WL 3771267, at \*2 (D. Colo. July 16, 2013) ("[A]s the pending Motion to Dismiss concerns the threshold issue of subject matter jurisdiction and may resolve this matter in its entirety, the Court finds good cause exists to impose a temporary stay until the District Court rules on the pending Motion to Dismiss."); *Ind v. Colorado Dep't of Corr.*, No. 09-CV-00537-WJM-KLM, 2012 WL 202779, at \*2 (D. Colo. Jan. 23, 2012) ("Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. Thus, a stay of discovery during the pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient."); *Small v. Astrue*, No. 08-CV-01864-LBT-KLM, 2009 WL 130334, at \*1 (D. Colo. Jan. 20, 2009) (same; noting that

---

[2] In the Proposed Scheduling Order [Doc. No. 56, filed 1/14/2014], Plaintiff asserts jurisdiction under 28 U.S.C. § 1332(d)(2). As pertinent, that section recognizes diversity jurisdiction of class actions exceeding $5 million and in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." The only remaining and identified parties here are citizens of Colorado.

5

"until jurisdiction can be established, the Court determines that the burden on Defendant of going forward with discovery outweighs the desire of Plaintiff to have her case proceed expeditiously").

FED. R. CIV. P. 1 supports a stay of discovery. With the dismissal of WWE, the lack of diversity and thus subject matter jurisdiction is so obvious that to proceed with discovery or anything else at this juncture would be antithetical to a "just" and "inexpensive determination" of this case.

## CONCLUSION

WHEREFORE, Defendant Kroenke Sports & Entertainment, LLC respectfully requests that the Court grant its Motion and dismiss this case with prejudice. KSE also respectfully requests that discovery be stayed pending ruling on this Motion.

Dated:  January 15, 2014 Respectfully submitted,

*s/Kevin D. Evans*

By: _____
Kevin D. Evans
John T. Osgood
STEESE, EVANS & FRANKEL, P.C.
6400 S. Fiddlers Green Circle
Suite 1820
Denver, Colorado 80111
Telephone:  720.200.0676
Facsimile:   720.200.0679
Email:        kdevans@s-elaw.com
                   josgood@s-elaw.com

IJay Palansky
STEESE, EVANS & FRANKEL, P.C.
The Army and Navy Club Building
1627 I Street, N.W.
Suite 850
Washington, DC 20006
Email:  ipalansky@s-elaw.com

Attorneys for Defendant KROENKE SPORTS
& ENTERTAINMENT, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2014, I caused the foregoing **DEFENDANT KROENKE SPORTS & ENTERTAINMENT, LLC'S MOTION TO DISMISS FOR LACK OF DIVERSITY/SUBJECT MATTER JURISDICTION IN LIGHT OF THE DISMISSAL OF WORLD WRESTLING ENTERTAINMENT, INC., AND TO VACATE SCHEDULING CONFERENCE AND STAY DISCOVERY** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Steven L. Woodrow
Megan L. Lindsey
Patrick Peluso
EDELSON, LLC
999 West 18th Street
Suite 3000
Denver, CO 80202
Telephone: 303.357.4878
Facsimile: 303.446.9111
swoodrow@edelson.com
mlindsey@edelson.com
ppeluso@edelson.com

*s/Leigha Wickham*
_____
Leigha Wickham
Paralegal
STEESE, EVANS & FRANKEL, P.C.