**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Philip A. Brimmer**

Civil Action No.:    13-cv-2481-PAB-CBS

ROBERTO FUENTES, individually and on behalf of
all others similarly situated,

        Plaintiff,

v.

KROENKE SPORTS & ENTERTAINMENT, LLC
d/b/a TICKETHORSE, LLC, and JOHN DOE DEFENDANTS,

        Defendants.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT KROENKE SPORTS &
ENTERTAINMENT, LLC'S ("KSE") RULE 12(b)(1) MOTION TO DISMISS (Dkt. 57)**

---

## I.    INTRODUCTION

For its latest attack on the pleadings—which challenge the language that Defendant Kroenke Sports & Entertainment, LLC ("KSE" or "Defendant") applies to its event tickets to limit their resale—KSE seeks dismissal under Rule 12(b)(1) on the supposed grounds that the Court lacks diversity jurisdiction. (Dkt. 57.)[1] This Court should deny the motion to dismiss. Put simply, KSE seriously misunderstands the requirements for *minimal* diversity under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and, as set forth in Plaintiff's concurrently-filed opposition to KSE's Motion to Stay Discovery, jurisdictional discovery is needed to resolve

---

[1] On January 16, 2014, the District Court referred the Rule 12(b)(1) motion to this Court "to the extent [it] requests a stay of discovery." (Dkt. 58.) On January 14, 2014 Magistrate Judge Shaffer set a briefing schedule on the Motion to Stay as February 7, 2014—the same date that Plaintiff's instant opposition was due to be filed. Both opposition briefs refer to and incorporate each other.

any outstanding questions regarding the citizenship of absent class members and third party operators—facts KSE totally fails to include in its brief.

Accordingly, and as explained further below, this Court should deny KSE's Rule 12(b)(1) Motion to Dismiss.

## II.   BACKGROUND FACTS

*KSE's ticket language plainly violates C.R.S. § 6-1-718's prohibition against applying terms or conditions to the original sale of tickets to limit the terms and conditions of resale.*

In 2008, the Colorado Legislature amended the Colorado Consumer Protection Act ("CCPA") to provide an unrestricted secondary marketplace for event tickets. The CCPA declares that "[i]t is void as against public policy to apply a term or condition to the original sale to the purchaser to limit the terms or conditions of resale." C.R.S. 6-1-718(3)(a). Defendant KSE, however, does just that by including a statement on the back of its tickets that reads, "This ticket is non-transferable." (Compl. ¶ 3.) Fuentes purchased tickets to at least three events that contained the offensive language, causing him to overpay for the tickets (*id*. ¶ 40), incur convenience fees (*id*. ¶ 30), forego opportunities to sell them (*id*. ¶ 39), and otherwise go without access to an unrestricted secondary market.

*Fuentes files the instant lawsuit, which is met by Motions to Dismiss and to Deny Class Certification.*

On September 11, 2013, Fuentes filed the instant Complaint (Dkt. 1) setting forth four counts: (I) violation of § 6-1-718, (II) breach of contract, (III) breach of the implied covenant of good faith and fair dealing, and (IV) unjust enrichment. (*Id*. 12-15.) Because § 6-1-718(a) defines "Operator" to mean "a person or entity who owns, operates, or controls a place of entertainment *or who promotes or produces entertainment and that sells a ticket to an event for*

*original sale*, including an employee of such person or entity," Plaintiff also named World Wrestling Entertainment, Inc. ("WWE") as a co-defendant.

KSE and WWE wasted no time attacking the lawsuit. For its part, on October 25, 2013, KSE filed a Rule 12(b)(6) Motion to Dismiss (Dkt. 21), Motion to Deny Class Certification (Dkt. 22), and Motion to Stay Discovery (Dkt. 23). On October 31, 2013, WWE filed a Motion to Dismiss (Dkt. 29) and joined in KSE's request for a stay (Dkt. 30).

On December 4, 2013, Magistrate Judge Shaffer heard argument on KSE's Motion to Stay and, explaining in part that it would act as a "sledgehammer" to these proceedings, denied KSE's motion. (Dec. 4, 2013 Transcript ("Trans.") 20:16-19, attached as Exhibit 1.)[2]

*After repeatedly threatening sanctions and refusing to engage in even informal discovery, Plaintiff agrees to dismiss WWE without prejudice pending the discovery of information regarding the application of ticket terms by KSE's third-party Operators.*

Following the December 4, 2013 hearing, Plaintiff and WWE exchanged emails regarding the propriety of keeping WWE as a defendant. (*See* Dec. Emails, attached as Exhibit 2.) WWE's counsel indicated that WWE had no involvement in the application of the allegedly unlawful ticket language and that keeping WWE in the lawsuit violated Rule 11. (*Id.*) Plaintiff's counsel explained that Plaintiff needed to see the contract between KSE and WWE to determine whether and to what extent WWE agreed to be contractually responsible for the ticket language. (*Id.*) Plaintiff's counsel further explained that a good faith basis existed for naming WWE since it met the CCPA definition of Operator. WWE's counsel refused to provide the contract.

---

[2] Plaintiff acknowledges that Magistrate Judge Shaffer admonished Plaintiff's counsel at the December 4, 2013 hearing that the Court would not tolerate overreaching discovery. To date, Plaintiff has not served any discovery from which an accusation of overreaching could be based. Rather, Plaintiff has held off issuing discovery pending the entry of the Scheduling Order which, given the Parties respective positions, would ultimately allow or disallow class discovery.

During the parties' Rule 26(f) conference on January 3, 2014, counsel for WWE repeated his belief that WWE should be dismissed. Plaintiff again requested the contract, but both WWE and KSE refused to provide it informally. Following the 26(f) conference, WWE produced a declaration from a KSE Vice President explaining that WWE was not involved in the drafting or approval of the ticket language. (*See* Jan. Emails, attached as Exhibit 3.) Plaintiff's counsel again explained the need for the contract and WWE's counsel refused, repeatedly threatening sanctions. (*Id.*) After further discussions, Plaintiff agreed to voluntarily dismiss WWE *without prejudice*, subject to renaming WWE should its contract with KSE show that it had some involvement in the application of the unlawful ticket language. (*Id.*)

*Following WWE's dismissal, KSE files a combined Rule 12(b)(1) Motion to Dismiss and request for a stay, and serves a Rule 11 Motion for Sanctions on Plaintiff's counsel.*

Following WWE's dismissal, KSE filed its instant motion to dismiss—this time under Rule 12(b)(1)—and included therein a second motion to stay. On January 14, 2014, KSE's lawyers also served Plaintiff's counsel with a Rule 11 motion for sanctions wherein KSE re-argues its motions to dismiss, claiming that its ticket language complies with the CCPA and that no jurisdiction exists in light of Chief Judge Kreiger's decision in *United Fin. Cas. Co. v. Lapp*, No. 12-cv-00432, 2013 WL 1191392 (D. Colo. Mar. 21, 2013). On February 3, 2014, Plaintiff's counsel responded explaining to KSE and its attorneys why their arguments were devoid of merit and urging them to adopt a high standard of professionalism for these proceedings.

### III. ARGUMENT

KSE's sole attack on the Court's jurisdiction asserts that because unnamed John Doe defendants supposedly can't be used to establish diversity under the *Lapp* case, the absence of any out-of-state defendant in the wake of the WWE's dismissal divests the Court of jurisdiction

4

here. (Def. Mot. 4.) Based on this alone, KSE insists that dismissal is warranted (and that Plaintiff should be subjected to Rule 11 sanctions for maintaining the lawsuit in federal court).

KSE's argument fails for two primary and related reasons. First, KSE's assertion that diversity jurisdiction is absent from this case under the reasoning set forth in *Lapp* seriously misunderstands CAFA's requirement of *minimal diversity*, which merely requires that one putative class member be a citizen of a state different from that of any defendant and is readily met here. Second, even if KSE was able to raise *some* question regarding the Court's subject matter jurisdiction under CAFA (it can't), Tenth Circuit precedent plainly holds that discovery is to be allowed—not stayed—with respect to those jurisdictional issues.

Accordingly, and as explained more fully below, this Court should deny KSE's Rule 12(b)(1) Motion to Dismiss.

> **A.    This Court Should Deny KSE's Second Motion To Dismiss Because The Parties Are Minimally Diverse For The Purposes Of Establishing CAFA Jurisdiction Under 28 U.S.C. § 1332(d).**

Relying solely on *Lapp*, KSE broadly concludes that John Doe defendants do not "suffice to establish diversity jurisdiction." (Def. Mot. 4.) According to KSE, now that WWE has been dismissed from the case without prejudice, "the remaining identified parties are all Colorado citizens." (*Id*.) KSE's legal analysis is superficial and its argument fails. As explained below, KSE either ignores or wholly misunderstands CAFA's requirement of *minimal* diversity, which Plaintiff's nationwide class readily meets here.

> **1.    KSE's reliance on *Lapp* is misplaced and exposes a significant misunderstanding of diversity jurisdiction under CAFA.**

Eschewing in-depth legal analysis, KSE block quotes from Chief Judge Krieger's decision in *Lapp*, wherein the court explained the "general rule" that "the diverse citizenship of

5

the fictitious defendants must be established by the plaintiff in order to continue a federal court action." (Def. Mot. 4) (quoting *Lapp*, 2013 WL 1191392 at *2.) Based on this quoted language alone, KSE asserts that "[b]ecause Plaintiff and KSE are citizens of Colorado, the Court lacks diversity and thus subject matter jurisdiction over this case." (*Id*.) KSE is plainly mistaken.

The first problem with KSE's argument is that *Lapp* was *not* a putative class action alleging diversity jurisdiction under CAFA. Rather, the Plaintiff in *Lapp*, an insurance company, brought a federal action against its customer (and over one hundred supposed John Doe defendants) seeking a declaration that it owed no duty to defend him. Analyzing traditional diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Chief Judge Krieger explained that:

> 28 U.S.C. § 1332(a)(1) permits federal courts to exercise subject-matter jurisdiction over disputes between "citizens of different States." In other words, there must be "complete diversity," in that is "no plaintiff and no defendant who are citizens of the same state." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998).

*Lapp*, 2013 WL 1191392, at *2. Based on this need for complete diversity, Chief Judge Krieger found the reasoning of *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) persuasive, wherein the court had explained that "because the existence of diversity jurisdiction cannot be determined without knowledge of *every* defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits." *Id*., at *2 (emphasis added.) [3]

---

[3] The Tenth Circuit has also had occasion to cite to *Howell*—specifically when explaining that "Title 28, United States Code § 1441(a) provides that '[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.'" *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir. 2006) ("[C]onsistent with the text of 28 U.S.C. § 1441(a) . . . the citizenship of 'John Doe' defendants should be disregarded when *considering the propriety of removal* under 28 U.S.C. §§ 1441(a) and 1332[a].") (emphasis added). Notably, § 1332(d) contains no analogous language.

The issue for KSE is that CAFA, which is governed by 28 U.S.C. § 1332(d)(2)(a), requires only minimal diversity—*not the complete diversity mandated by § 1332(a)(1)*. Indeed, CAFA merely requires that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(a); *see Allen v. JP Morgan Chase*, No. 10-cv-01237, 2010 WL 1325321, at *4 (N.D. Ill. Mar. 30, 2010) ("Although the CAFA's minimum diversity standard does not require that the diverse plaintiff be a named party, 'one member of the class, named or unnamed must be diverse from any one defendant.'") (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 n.24 (11th Cir. 2007)). Unlike complete diversity, determining minimal diversity doesn't require "knowledge of every defendant's place of citizenship" because minimal diversity is met where *any* class member enjoys citizenship that is different of *any* Defendant. Thus, the basis for the *Lapp* decision—that knowing every defendant's citizenship is needed to determine whether *complete* diversity exists and thus John Doe defendants cannot be relied upon—doesn't apply where, as here, minimal diversity is at issue.

As explained next, the alleged national class in this case readily meets CAFA's minimal diversity requirements notwithstanding KSE's total failure to discuss them—and irrespective of whether John Doe defendants are ultimately included.

    **2.**    **At least one member of the putative nationwide class enjoys citizenship outside of Colorado and is minimally diverse from KSE.**

KSE's repeated assertion that "the remaining identified parties are all Colorado citizens" (Def. Mot. 4-5 n.2), is flatly incorrect. First, KSE ignores that Plaintiff's Complaint plainly alleges a *nationwide* class. (*See* Compl. ¶ 41) (defining class as "All persons in the United States who purchased a ticket to an event at [a KSE property during the relevant period of time] where the Terms and Conditions found on the ticket stated the ticket was non-transferable"). Of course,

it is a near certainty that at least one person from outside of Colorado purchased a ticket containing the offensive language given both that: (1) the language was placed on most tickets and (2) numerous ticketholders from outside of Colorado attend KSE events. This alone is sufficient to establish minimal diversity and defeat KSE's motion because, again, the citizenship of unnamed class members may be considered. *See* 28 U.S.C. 1332(d)(2)(a) (diversity exists where "*any member of a class of plaintiffs* is a citizen of a State different from any defendant")[4]; *Allen*, 2010 WL 1325321, at *4 (" . . . CAFA's minimum diversity standard does not require that the diverse plaintiff be a named party . . . ."); *Lowery*, 483 F.3d at 1194 n.24; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, n.12 (2005); *Margulis v. Resort Rental, LLC*, No. 08-cv-1719, 2008 WL 2775494 (D.N.J. July 14, 2008).

And even if the Court ignored CAFA and disregarded the citizenship of putative class members, applying *Lapp*'s bar on the consideration of John Does in the context of CAFA makes little sense. Again, whereas the rigors of complete diversity require knowing the citizenship of every party at the time of filing, that is not true with respect to minimal diversity under CAFA.

Furthermore, *Lapp* would seem to have even less application in a case where, as here, it is plain that many of the John Does are out of state citizens and KSE knows their citizenship.[5]

---

[4] A class need not be certified to consider the location of putative class members—jurisdiction is evaluated based on the allegations of the Complaint at the time it is filed or removed to federal court. 28 U.S.C. 1332(d)(7) ("Citizenship of the members of the proposed plaintiff classes shall be determined for purposes of paragraphs (2) through (6) as of the date of filing of the complaint . . . ."); *see also Standard Fire Ins. Co. v. Knowles,* 133 S. Ct. 1345, 1349 (2013) (citing *Wisconsin Dept. of Corrs. v. Schacht,* 524 U.S. 381, 390 (1998)).

[5] As explained further below with respect to the potential need for discovery, if KSE used uniform contract language with its third-party Operators like WWE and other promoters and producers of entertainment and jointly applied the ticket language challenged in this case uniformly, then Plaintiff can properly include such Operators as defendants. *See* Section III.B,

*See* 4th ed. Charles A. Wright *et al.*, *§ 3723 Removal Based on Diversity of Citizenship and Alienage Jurisdiction*, 14B Fed. Prac. & Proc. Juris. § 3723 (2013) ("If the plaintiff has described the Doe defendants so that their identity is clear, or if the defendants are better equipped than are plaintiffs to ascertain the Doe defendants' citizenship, or if the Doe defendant is an agent of a company, a few federal courts have permitted the actual identity of a non-diverse Doe defendant to destroy diversity jurisdiction upon removal."). As seen from the attached Exhibit 4, Plaintiff can readily identify approximately 200 potential John Doe defendants that may be classified as "Operators" under § 6-1-718(a) as promoters and producers of entertainment and joined in the case to the extent their tickets contained the challenged language and their agreements with KSE apportioned liability for the ticket language in a similar fashion.[6]

As such, *Lapp's* basis for refusing to consider the citizenship of John Doe defendants when determining diversity is inapplicable and Plaintiff should be permitted the opportunity to gather facts to determine which John Does may be appropriately identified and added to the case.

As a final point here, and as also summarized below and explained more fully in Plaintiff's concurrently-filed opposition to KSE's motion to stay discovery, dismissing or remanding the case at this point on account of the John Doe defendants would merely cause a

---

*infra*. At this time, only KSE knows what the contracts with third parties provide, which events used tickets bearing the challenged language, and whether the contract language was uniform.
[6] As summarized in plaintiff's discussion of potentially relevant discovery, *see* Section III.B, *infra*, and more fully explained in his concurrently-filed opposition to KSE's motion to stay discovery, Fuentes needs discovery into which events used tickets containing the unlawful language and, for those events, whether the third party operators each had a standard contract with KSE under which responsibility for the ticket language and terms was shared in a substantially similar fashion so that he may determine whether the claims against such third parties are juridically related to Fuentes's claims such that they would merit inclusion in this litigation. *Thompson v. Bd. of Educ. Of Romeo Cmty. Schs.*, 709 F.2d 1200, 1204-05 (6th Cir. 1983) (emphasis in original) (citing *LaMar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 462 (9th Cir. 1973); *Mitchell v. Residential Funding Corp.*, 334 S.W.3d 447, 489 (2010).

delay. That is, upon dismissal or remand the case would find itself in state court where discovery would eventually reveal which third-party Operators were involved in the application of the challenged ticket language, at which point they would be added to the case as party defendants. *Any* of those third-party Operators that are citizens of other states would have the ability to remove the case to federal court—thus bringing the proceedings back to the point where they are at presently. In short, dismissal would only cause a delay of the case.

Thus, whether viewed from the standpoint of putative class members or the John Doe defendants, Plaintiff Fuentes plainly meets CAFA's requirements of minimal diversity as at least one putative class member is diverse from at least one defendant. KSE's attempt to impose traditional "complete" diversity requirements on class actions under § 1332(d)(2)(a) is superficial, without support, and should be rejected (together with its threat of sanctions premised on the same off-base assertions.)

As explained below and in Plaintiff's response in opposition to KSE's Motion to Stay, to the extent the Court has any doubt regarding its jurisdiction, jurisdictional discovery is needed.

> **B. To The Extent Any Question Regarding Jurisdiction Remains, Discovery Should Be Permitted Prior To Granting KSE's Motion.**

As set forth more fully in Fuentes's response in opposition to KSE's motion to stay, even if some question remained regarding the Court's jurisdiction, Tenth Circuit precedent instructs that "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling–Temco–Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir.1975); *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188-89 (10th Cir. 2010) ("As with the court's handling of discovery in other stages of litigation, in the context of a 12(b)(1) motion, '[w]e give the district court much

10

room to shape discovery'") (quoting *Citizens for Responsibility & Ethics in Wash. v. Office of Admin.*, 566 F.3d 219, 225 (D.C. Cir. 2009)). "[A] refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." *Sizova v. Nat'l Inst. of Stds. & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citations omitted) (concluding that further factual development may have assisted plaintiff). "Prejudice is present where 'pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

Applied here, granting KSE's motion to dismiss would prejudice Plaintiff Fuentes because KSE's "facts" bearing on jurisdiction are controverted and a more satisfactory showing is needed. Again, KSE's motion presents **no facts** to suggest that minimal diversity is lacking here—indeed, given that Fuentes pleads a nationwide class, it cannot do so. As such, the Court cannot grant dismissal on the present factual record and discovery is needed regarding the citizenship of the absent class members.

Further, and even if the Court were to focus solely on the citizenship of the John Doe defendants, discovery would still be necessary to determine which John Does can be identified and included in the case. With respect to the third-party promoters and producers of entertainment involved in the events for which Mr. Fuentes held tickets, discovery is needed to determine whether and to what extent they can be considered "Operators" under the CCPA.[7]

---

[7] Again, "Operator" means "a person or entity who owns, operates, or controls a place of entertainment or who promotes or produces entertainment and that sells a ticket to an event for original sale, including an employee of such person or entity." C.R.S §. 6-1-718(a).

11

Moreover, discovery is needed regarding their contracts with KSE, which will spell out whether and to what extent they agreed to be responsible for the language and terms appearing on the tickets. In the event that such contracts reveal that those third party operators assumed responsibility for the ticket language or other terms of sale in a uniform or similar way, then it is highly probable that KSE's contracts with other third-party Operators contained substantially parallel terms, and discovery regarding their identities and contracts will become necessary. In this respect, KSE's claim that Plaintiff lacks standing to pursue claims against third-party Operators involved in the production or promotion of events for which he never purchased or held tickets—a claim made in its portion of the Joint Status Report (*see* Dkt. 56, 18) and which underlies its attack on the Court's jurisdiction—falls apart. Although in general "the individual standing of each named plaintiff vis-à-vis each defendant is a threshold issue," *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998), courts recognize two exceptions:

> (1) Situations in which all injuries are the result of a conspiracy or concerted schemes between the defendants at whose hands the class suffered injury; and (2) instances in which all defendants are *juridically related* in a manner that suggests a single resolution of the dispute would be expeditious.

*Thompson*, 709 F.2d at 1204-05 (emphasis in original) (citing *LaMar*, 489 F.2d at 462. A juridical relationship has been found where "there is a contractual obligation" among the defendants. *Williams v. FirstPlus Home Loan Trust 1996-2*, 209 F.R.D. 404, 413-14 (W.D. Tenn. 2002) (citing *United States v. Trucking Em'rs, Inc.*, 75 F.R.D. 682 (D.D.C. 1977); *see also Mitchell*, 334 S.W.3d at 489.

Hence, if the third-party Operators all had the same contracts with KSE that apportioned responsibility for the ticket language and other terms in the same or substantially similar way, then it is plausible that the claims are juridically related so as to support their inclusion in this

case. Under KSE's theory, to resolve this matter, which challenges the application of *identical* ticket language to the backs of tickets, Fuentes would need to add hundreds of plaintiffs—at least one who attended *each* KSE event where the tickets sold contained the unlawful terms. If he were unable to do so, the class would face "the inefficiency of multiple trials," *Mitchell*, 334 S.W.3d at 490, suggesting "a single resolution of the dispute would be expeditious." Moreover, Fuentes, as the putative class representative, has a duty to protect the interests of the absent class members, which could be jeopardized through *stare decisis* if he failed to name all third party operators against whom the members have claims. *See id.* (citing *Moore v. Comfed Sav. Bank*, 908 F.2d 834, 839 (11th Cir. 1990)). As such, Fuentes has protected those interests by naming such third party operators—first as John Does and later by their names once KSE identifies them.

Hence, and only to the extent the Court accepts KSE's focus on the citizenship of John Doe defendants to the exclusion of the nationwide class (it shouldn't), discovery is required regarding the John Does' contracts with KSE to determine whether the claims against them are juridically related to Fuentes's claims, and, if so, each John Doe's state of citizenship.

In light of these fact questions left unanswered by KSE's jurisdictional analysis, at the very least jurisdictional discovery into these issues should be permitted prior to accepting KSE's Rule 12(b)(1) arguments.

**C.    Though KSE Fails To Mention The Home State Controversy Exception And Shouldn't Be Permitted To Raise It For The First Time In Its Reply, Plaintiff Requests Supplemental Briefing and Discovery In The Event The Court Raises Questions Regarding The Rule's Application.**

As a final point, nowhere does KSE's motion mention CAFA's home state controversy exception—the rule that ultimately led to the voluntary dismissal of the C.R.S. § 6-1-718

13

litigation against the Colorado Rockies and subsequent refiling in state court. In the *Rockies* case, following significant disclosures related to in-state and out-of-state ticket sales, it became apparent that Plaintiff would not be able to show that less than two-thirds of the class members were Colorado citizens as no defendant was from out-of-state and a more limited class would perhaps escape the exception but result in an inability to meet CAFA's $5,000,000 amount in controversy. That is not the case here where foreign John Does have been named, they are identifiable and (pending discovery) may appropriately be added to the case, and KSE has offered no facts regarding the citizenship of its ticketholders to show the exception would apply.

Because KSE has failed to raise the issue and because of the more-than likely inclusion of out of state Defendants, this brief does not attempt to fully address the home state controversy exception. Nevertheless, to the extent the Court believes the exception may apply, Plaintiff respectfully requests leave to submit a supplemental brief explaining the legal reasons why the exception doesn't act to bar subject matter jurisdiction here and describing the fact discovery (namely information about the citizenship of ticketholders to KSE events where the ticket language contained the offensive language and the involvement of third-party operators in the application of the ticket language to demonstrate that at least one-third of the putative class resides out of state) that would be required to support those arguments.

## IV. CONCLUSION

KSE's Rule 12(b)(1) motion to dismiss—the latest installment in its scorched-Earth approach to this lawsuit—overreaches. With respect to the instant motion to dismiss, rather than present sound legal analysis, KSE simply block-quotes and misapplies the *Lapp* decision, ignoring entirely that that case dealt with complete diversity under 28 U.S.C. § 1332(a), not

14

minimal diversity under CAFA, § 1332(d)(2)(a). Indeed, minimal diversity is met here given the nationwide citizenship of putative class members and, to the extent *any* questions exist regarding the citizenship of any party, discovery is plainly warranted.

In sum, while Plaintiff and his counsel can appreciate aggressive tactics, KSE's two motions to dismiss, two motions to stay, motion to deny class certification, and Rule 11 motion for sanctions are over the top. This case presents a national class action that belongs in federal court, and KSE's Rule 12(b)(1) motion is devoid of merit.

Dated: February 6, 2014                     Respectfully submitted,

                                            ROBERTO FUENTES, on behalf of himself and all
                                            others similarly situated,

                                              /s/ Steven L. Woodrow
                                            One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@edelson.com
Megan L. Lindsey
mlindsey@edelson.com
EDELSON PC
999 18th Street, Suite 3000
Denver, Colorado 80202
Tel: 303.357.4877
Fax: 312.589.6378

Jay Edelson
jedelson@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

15

**CERTIFICATE OF SERVICE**

I, Megan L. Lindsey, an attorney, hereby certify that on February 6, 2014, I served the above and foregoing *Plaintiff's Opposition to Defendant Kroenke Sports & Entertainment, LLC's ("KSE") Rule 12(b)(1) Motion to Dismiss (Dkt. 57)* by causing a true and accurate copy of such paper to be filed with the Clerk of the Court and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

    /s/ Megan L. Lindsey