**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Philip A. Brimmer**

Civil Action No.:     13-cv-2481-PAB-CBS

ROBERTO FUENTES, individually and on
behalf of all others similarly situated,

      Plaintiff,

*vs.*

KROENKE SPORTS &
ENTERTAINMENT, LLC, d/b/a [sic]
TICKETHORSE, LLC, and JOHN DOE
DEFENDANTS,

      Defendants.

---

**DEFENDANT KROENKE SPORTS & ENTERTAINMENT, LLC'S
MOTION FOR SANCTIONS PURSUANT TO RULE 11**

---

Defendant Kroenke Sports & Entertainment, LLC ("KSE") respectfully requests that the Court dismiss this action and award it all attorneys' fees and costs incurred in defense of this case pursuant to FED. R. CIV. P. 11. As set out in greater detail below, the central factual assertions in Plaintiff's Complaint include allegations which Plaintiff and his attorneys knew or should have known were false; allegations that are squarely contradicted not only by facts that would have been discovered had even the most cursory inquiry or investigation been made, but even by other factual allegations in the Complaint itself; omission of any allegations supporting central elements of Plaintiff's claims; and selective quotation of the operative document at issue so as to materially misrepresent the document's effect and import. Together they illustrate a

troubling attempt to mislead the Court in an effort to build a class action involving "potentially millions" (Plaintiff's Opposition To Defendant KSE's Motion To Deny Class Certification, at 2 [Doc. No. 40, filed 11/29/2013]) of entirely unharmed putative class members on a foundation of false accusations and misrepresentations.

## BACKGROUND

Plaintiff alleges that KSE is the owner and operator of various professional sports franchises, sports stadiums, and other entertainment venues in the Denver area. The foundation for all of Plaintiff's claims is the Complaint's false allegations that KSE "knowingly impose[s] restrictions on the resale of tickets that are unlawful under the Colorado Consumer Protection Act" (Compl. ¶ 1), and that these restrictions "*eliminate*[ ] the ticketholder's right to resell [the ticket]." (*Id.* at ¶ 3 (emphasis in original)). The Complaint seeks to certify a class, alleging that millions of ticket purchasers are "subjected to [these] restrictions on their resale rights." (*Id.* at ¶ 18).

None of these critical allegations are true. KSE has not taken any action to prevent or inhibit anyone from lawfully reselling a validly purchased ticket[1], and Plaintiff does not and cannot allege that KSE ever applied any ticket language to prevent a lawful resale. Moreover, and particularly damning to Plaintiff's efforts to concoct and maintain this frivolous lawsuit, and contrary to the Complaint's unequivocal statement that Plaintiff's and the putative class members' ability to resell their tickets has been "eliminated," secondary markets for tickets to

---

[1] By "validly" purchased KSE simply means, for example, a ticket that was not counterfeit or stolen.

games, concerts and other events at KSE venues flourish. For example, anyone who has ever watched sports on television has seen the memorable StubHub advertisements, where tickets in the secondary market are so plentiful they grow on trees (StubHub's "Ticket Oak"). *See* TicketOak, http://ticketoak.com (last visited Jan. 8, 2014). Many other websites similarly serve as brokers or facilitators for the resale of tickets in the secondary market. Tickets to events at KSE venues routinely are resold through secondary market sources such as SeatGeek, Ticket Exchange, TicketNetwork, TicketsNow, tipIQ, and Viagogo. Indeed, as set out in Exhibit 1 to KSE's Combined Motion To Deny Class Certification And Memorandum Of Points And Authorities In Support Thereof [Doc. No. 22, filed 10/25/2013], during the period September 27 – 30, 2013, for 120 upcoming events at KSE venues, almost 92,000 tickets were being offered for resale on StubHub and almost 93,000 postings offering to resell tickets were listed on SeatGeek.

Plaintiff and his lawyers could have determined this had they bothered, for instance, to check the aforementioned secondary market sources (or perhaps they did and yet still make such frivolous accusations). In fact, Plaintiff's allegation that consumers' right to resell their tickets has been eliminated is even contradicted by other allegations in the Complaint itself, which point out that consumers can "[b]uy from other fans on FLASH SEATS Marketplace, The Official Secondary Marketplace of TicketHorse." (Compl. ¶ 29). Clearly, ticketholders' ability to resell their tickets has not been affected, let alone "eliminated."

Plaintiff's false accusations of ticketholders' inability to resell their tickets are based on nothing more than his selective and misleading quotation of a single sentence of the Terms and Conditions language on the backs of some tickets. The Complaint fixates on the sentence "[t]his

3

ticket is non-transferable" (the "Disputed Language"). However, the Complaint studiously avoids the rest of the Terms and Conditions, which provides context and content to the Disputed Language. Specifically, the Terms and Conditions elsewhere state that *"[u]nlawful* resale or *unlawful* attempted resale is grounds for seizure and cancellation without compensation. Tickets obtained from unauthorized sources may be lost, stolen or counterfeit, and if so are void." (Compl. Ex. A – C (emphasis added)). The clear import of this language is that KSE has not and does not attempt to limit or prohibit lawful resales, which is why Plaintiff has not and cannot allege any such instance.

## ARGUMENT

Rule 11 of the Federal Rules of Civil Procedure "allows the court to sanction a party, if the court determines that the party has violated Rule 11(b) by making false, misleading, improper, or frivolous representations to the court." *Williamson v. Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008). Pursuant to Rule 11(b), an attorney's signature on a pleading or motion constitutes a certification that, among other things, "to the best of the person's knowledge, information, and belief, formed *after reasonable inquiry under the circumstances . . .* the claims, . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law . . . [and] the factual contentions have evidentiary support" (emphasis added).

A party or an attorney need not act willfully or in bad faith to be subject to sanctions under Rule 11. *Nikols v. Chesnoff*, 435 F. App'x 766, 773 (10th Cir. 2011) (reversing and remanding denial of motion for sanctions where the district court appeared to require a showing

of bad faith); *Storage Partners II v. Storage Tech, Corp.*, 117 F.R.D. 675, 680 (D. Colo. 1987). Rather, to avoid sanctions under Rule 11 a party and an attorney must meet a standard of objective reasonableness. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990); *Marotta v. Cooper*, No. 10-CV-01687-WJM-CBS, 2011 WL 2784423, at *8 (D. Colo. July 13, 2011) ("Rule 11 applies a standard of objective reasonableness, that is, whether a reasonable attorney admitted to practice before the District Court would file such a document."). A subjective good faith in the merits of asserted claims does not suffice to meet this standard. *White*, 908 F.2d at 680. Instead, that belief must "be in accord with what a reasonable, competent attorney would believe under the circumstances." *Id.*

I. **PLAINTIFF'S CLAIMS ARE BASED ON ALLEGATIONS HE AND HIS COUNSEL KNEW OR WITH REASONABLE INQUIRY SHOULD HAVE KNOWN WERE FALSE**

Submitting a pleading or other paper containing allegations that counsel knows or should know to be false is a clear violation of Rule 11. *Schrag v. Dinges*, 73 F.3d 374, 1995 WL 675475, *14 (10th Cir. Nov. 14, 1995) ("an attorney cannot sign and file a document with the court that contains false statements of fact of which the attorney knew or should have known, without being subject to Rule 11 sanctions"); *see also Footman v. Cheung*, 139 F. App'x 144, 146 (11th Cir. 2005) ("Because [counsel] knowingly or recklessly pursued a frivolous claim based on false and unsupported allegations, the district court did not abuse its discretion by imposing sanctions against him pursuant to Rule 11."); *Top Entm't Inc. v. Ortega*, 285 F.3d 115, 120 (1st Cir. 2002) ("counsel admitted that the allegations in the complaint were false (and thus violated Rule 11 of the Federal Rules of Civil Procedure)").

Relatedly, making allegations that "reasonable inquiry" would have revealed to be false or without basis also squarely violates Rule 11. FED. R. CIV. P. 11(b); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.' "); *Grynberg v. Ivanhoe Energy, Inc.*, 663 F. Supp. 2d 1022, 1025 (D. Colo. 2009) (quoting *Cooter*).

Here, Plaintiffs knew or should have known, and with even the most cursory inquiry surely would have discovered, that their central allegations that KSE "knowingly impose[s] restrictions on the resale of tickets that are unlawful under the Colorado Consumer Protection Act" (Compl. ¶ 1), and that these restrictions "*eliminate*[ ] the ticketholder's right to resell [the ticket]" (Compl. ¶ 3 (emphasis in original)), were false. The Complaint includes no factual allegations supporting these bald conclusions whatsoever. It does not allege that KSE ever prevented or inhibited Plaintiff or anyone else from lawfully reselling their tickets; nor could it, as KSE has never done so. It does not allege that Plaintiff was ever unable to resell any tickets he wanted to. And it simply ignores the thriving and quite well-known secondary market for buying and selling tickets, including tickets to events at KSE venues containing the Disputed Language. *See supra* at 3. At best these allegations were made recklessly, without reasonable inquiry, and without regard for whether they are true or false. They clearly violate Rule 11.

## II. PLAINTIFF'S SELECTIVE QUOTATION OF THE TICKETS' TERMS AND CONDITIONS MATERIALLY MISREPRESENTS THEIR MEANING, IN VIOLATION OF RULE 11

Selectively quoting documents central to a plaintiff's claims so as to mischaracterize their meaning violates Rule 11. *Rice v. Hamilton Oil Corp.*, 658 F. Supp. 446, 449-50 (D. Colo. 1987) ("Of greater concern to this Court is the selective omission of portions of a quote . . . which distorted the meaning of [the] statement. . . . The Court notes that [counsel] knew or should have known that his partial quotes, taken out of context would mislead the Court if left uncorrected. In this case, it appears that the policies behind Rule 11 would be served by imposing sanctions on plaintiffs' attorney to deter this type of conduct which was either careless or in bad faith."); *see also In re Ronco, Inc.*, 838 F.2d 212, 218 (7th Cir. 1988) ("While the appellant did not misstate an empirical fact, it did omit facts that were highly relevant to an accurate characterization of the facts that were stated. Such an obvious omission placed a heavy burden on [the] court. The presentation amounts, in its totality, to a half-truth that can be just as misleading, sometimes more misleading, than an absolutely false representation."); *In re Kouterick*, 167 B.R. 353, 364 (Bankr. D.N.J. 1994) (citing *Rice* approvingly).

Here, each of Plaintiff's claims is based on his misleading, selective quotation of the non-transferability language of the tickets' Terms and Conditions. Plaintiff cherry-picks only the "non-transferable" language, without so much as mentioning the other language in the tickets' Terms and Conditions, which indicates that restrictions on transferability apply only to "*unlawful*" transfers. *See supra* at 3-4; *see also* Doc. No. 22 at 2-3, filed 10/25/2013. This attempt to misrepresent the facts and mislead the Court should be sanctioned under Rule 11.

### III. THE CONSPICUOUS ABSENCE OF ANY ALLEGATION THAT PLAINTIFF OR ANYONE ELSE EVER WANTED TO RESELL A TICKET (AS REQUIRED TO ESTABLISH INJURY AND STANDING) VIOLATES RULE 11

All of Plaintiff's claims are premised on the general theory that Plaintiff and the putative class members were injured by supposedly losing their ability to resell their tickets. As such, Plaintiff's claims require a showing that Plaintiff (and the putative class members) were in fact injured. Failure to allege such an injury is grounds for both dismissal of Plaintiff's claims [Doc. No. 48 at 3-5, filed 12/13/2013], and denial of certification of the proposed class [Doc. No. 22 at 5-7, filed 10/25/2013 and Doc. No. 47 at 5, filed 12/13/2013].

In order for any such injury to occur, however, a ticketholder must have *wanted* to sell his or her tickets. This is simple logic: the only way a purported restriction on resale could have caused any injury is if it led an individual not to resell a ticket he or she otherwise would have. The Complaint makes no such allegation. It is entirely silent regarding whether Plaintiff or anyone else ever wanted to resell a ticket, let alone whether he was prevented from doing so by KSE or the Disputed Language. The Complaint therefore fails to allege that Plaintiff was injured.

This failure violates Rule 11. Rule 11(b)(2) provides that counsel may be sanctioned if his pleading asserts claims that "are [not] warranted by existing law."[2] Pressing a claim while failing to allege any facts supporting one of the elements indicates that the claim is not warranted by existing law and so violates Rule 11. *See Chaplin v. Du Pont Advance Fiber Sys.*, 124 F.

---

[2] Rule 11(b)(2) also provides that a "nonfrivolous argument for extending, modifying, or reversing existing law" is not sanctionable. Because Plaintiff has made no such argument relevant to this Motion, those aspects of Rule 11 are not applicable here.

App'x 771, 775 (4th Cir. 2005) (In affirming Rule 11 sanctions, the court said: "It is well-established that to set forth a prima facie case of employment discrimination, the plaintiff must assert that he suffered some sort of adverse employment action. Appellants failed to aver that they had suffered any adverse employment action. Clearly, then, their race discrimination claim, as pled, was unwarranted by existing law."); *see also Toll v. Am. Airlines, Inc.*, 166 F. App'x 633, 637 (3d Cir. 2006); *Les Mutuelles du Mans Vie v. Life Assur. Co. of Pennsylvania*, 128 F.R.D. 233, 238 (N.D. Ill. 1989) (awarding Rule 11 sanctions where plaintiff's complaint failed to allege a well-established element of a breach of contract claim (that plaintiff had performed all its required contractual conditions)).

Plaintiff's failure to allege that he ever wished to sell his tickets or was prevented from doing so is particularly troubling in this case, where the element that has not been alleged is both central to Plaintiff's claims (his supposed injury) and involves facts uniquely within Plaintiff's own possession. The absence of such factual allegations is a clear indication that Plaintiff *cannot* in good faith allege that he ever wanted to resell his tickets or that he was ever prevented from doing so. Plaintiff and his counsel therefore knew or should have known that his claims lack merit and are not "warranted by existing law."

### IV. PLAINTIFF IMPROPERLY ALLEGES JOHN DOE DEFENDANTS WITHOUT AN ADEQUATE FACTUAL BASIS, AND NOW KNOWINGLY LACKS DIVERSITY

Plaintiff originally included World Wrestling Entertainment, Inc. ("WWE") as a Defendant in this lawsuit, even though Plaintiff admitted during the December 4, 2013 hearing that Plaintiff had no evidence to suggest that WWE had any involvement in the inclusion of the

Disputed Language on tickets. Only after WWE threatened to file its own Rule 11 motion against Plaintiff did Plaintiff dismiss WWE from this case.

In an effort (unsuccessful) to avoid lack of subject matter jurisdiction, Plaintiff claims that he also is suing John Doe Defendants. Plaintiff, however, fails to allege any factual basis for inclusion of John Doe Defendants, and indeed in light of his actions vis-à-vis WWE, Plaintiff's conduct in this regard is sanctionable.

## CONCLUSION

Plaintiff's Complaint combines outright misstatements and what can be most charitably described as a failure to make a reasonable inquiry into the critical facts, with a selective and misleading quotation of the terms and conditions of the tickets at issue, and the omission of facts necessary to establish elements of his claim. All of these Rule 11 violations are material. Defendant KSE respectfully requests that the Court sanction these violations of Rule 11 by dismissing Plaintiff's Complaint, awarding KSE its attorneys' fees and costs, and by granting such other relief as it deems just and proper.

Dated:  February 14, 2014.　　　　　　　Respectfully submitted,

             *s/Kevin D. Evans*
By: _____
             Kevin D. Evans
             John Osgood
             STEESE, EVANS & FRANKEL, P.C.
             6400 S. Fiddlers Green Circle
             Suite 1820
             Denver, Colorado 80111
             Telephone: 720.200.0676
             Facsimile: 720.200.0679
             Email:  kdevans@s-elaw.com
                josgood@s-elaw.com

Attorneys for Defendant KROENKE SPORTS & ENTERTAINMENT, LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 14th day of February, 2014, I caused the foregoing **DEFENDANT KROENKE SPORTS & ENTERTAINMENT, LLC'S MOTION FOR SANCTIONS PURSUANT TO RULE 11** to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following attorneys of record:

Steven L. Woodrow
Megan L. Lindsey
Patrick Peluso
EDELSON, PC
999 West 18th Street
Suite 3000
Denver, CO 80202
Telephone: 303.357.4878
Facsimile: 303.446.9111
swoodrow@edelson.com
mlindsey@edelson.com
ppeluso@edelson.com

               *s/Leigha Wickham*
               _____
               Leigha Wickham
               Paralegal
               STEESE, EVANS & FRANKEL, P.C.