**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Philip A. Brimmer**

Civil Action No.: 13-cv-2481-PAB-CBS

ROBERTO FUENTES, individually and on behalf of all others similarly situated,

Plaintiff,

v.

KROENKE SPORTS & ENTERTAINMENT, LLC d/b/a TICKETHORSE, LLC, and JOHN DOE DEFENDANTS,

Defendants.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT KROENKE SPORTS & ENTERTAINMENT LLC'S MOTION FOR RULE 11 SANCTIONS (DKT. 65)**

---

## I. Introduction

Continuing along with their hyper-aggressive, scorched-Earth[1] approach to the defense of this case, Defendant Kroenke Sports & Entertainment LLC ("KSE") and its lawyers now move for Rule 11 sanctions on grounds that are themselves frivolous and sanctionable.[2] Repeating the bulk of the arguments from its pending Rule 12(b)(6) and 12(b)(1) motions to dismiss (Dkts. 21, 57), KSE asserts that Plaintiff should be sanctioned because, supposedly: (1) a secondary market

---

1 This Court characterized KSE's first Motion to Stay Discovery as a "sledgehammer." (*See* Dec. 4, 2013 Hearing Trans. 7:3-7, attached as Exhibit A.)

2 *See* Advisory Comm. Notes, 1983 Amendment to Rule 11 ("the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions"); *Fansteel, Inc. v. Int'l Ass'n of Machinists & Aerospace Workers, Lodge No. 1777*, 708 F. Supp. 891, 900 (N.D. Ill. 1989) *aff'd,* 900 F.2d 1005 (7th Cir. 1990); *see MetLife Bank, N.A. v. Badostain*, No. 1:10-CV-118-CWD, 2010 WL 5559693 (D. Idaho Dec. 30, 2010) (awarding sanctions for frivolous sanctions motion).

exists where Fuentes, who fails to allege that he wanted to resell his tickets but was unable to, could have resold his tickets, (2) other sections of KSE's tickets, apart from the "[t]his ticket is non-transferable" language, supposedly prove that resales are allowed, (3) and Plaintiff doesn't have a factual basis for including John Doe defendants.

As explained below, these arguments badly mischaracterize this lawsuit.

At its most basic, KSE and its lawyers bungle Colorado Consumer Protection Act § 6-1-718's declaration that "it is void as against public policy to apply a term or condition to the original sale to the purchaser to limit the terms and conditions of resale." According to KSE's (flawed) logic, it was free to ignore this prohibition and include as many restrictions on resale in the ticket language as it fancied so long as it never actually enforced them. KSE confuses the ***application*** of such terms with their ***enforcement.*** Because it applied such terms to the ticket language, it violated the CCPA, leaving Fuentes and the putative class with tickets that contain terms void as against public policy and worth less than they otherwise would have been.

KSE also misuses Rule 11. Put simply, Rule 11 is not supposed to serve as a vehicle for a party to repeat arguments already set forth in its other pending motions. But that is precisely what KSE does here, regurgitating the same theories advanced in its (legally and factually incorrect) motions to dismiss and motions to stay. Likewise, it is well settled that Rule 11 is inappropriately applied in cases of first impression like the instant one testing an unlitigated amendment to the CCPA passed only in 2008.

KSE's jurisdictional arguments similarly fall apart. Plaintiff had, and continues to have, a good faith basis for naming John Doe defendants in this case that meet the statutory definition of "Operator" by producing and promoting entertainment. C.R.S. § 6-1-718(a). Moreover, KSE's

jurisdictional argument set forth in its filed Rule 11 Motion differs from the argument that it served on Plaintiff's counsel to trigger the Rule's twenty-one (21) day safe-harbor. In short, whereas the Rule 11 Motion that KSE *served* cited Plaintiff's dismissal of WWE as grounds for asserting that Plaintiff should be sanctioned because diversity jurisdiction supposedly no longer exists, the Rule 11 Motion that KSE *filed* removes that argument and relies instead only on Plaintiff's naming of John Doe defendants more generally.

In sum, while Plaintiff and his counsel can certainly appreciate aggressive litigation tactics, KSE's Rule 11 Motion overreaches. This Court should deny the Rule 11 Motion and award Plaintiff reasonable attorneys' fees incurred in having to respond.

## II. Factual Background

*Plaintiff files his Complaint challenging KSE and WWE's violations of CCPA § 6-1-718(3)(a).*

On September 11, 2013, Plaintiff filed his putative class action complaint alleging that KSE, WWE, and John Doe Defendants violated CCPA § 6-1-718(3)(a), which declares that: "It is void as against public policy to apply a term or condition to the original sale to the purchaser to limit the terms or conditions of resale . . . ." (Emphasis added.) "Original sale" means "the first sale of a ticket by an operator," § 6-1-718(1)(b), and "Operator" is defined as "a person or entity who owns, operates, or controls a place of entertainment or who promotes or produces entertainment and that sells a ticket to an event for original sale, including an employee of such person or entity" § 6-1-718(1)(a). Plaintiff alleges Defendants violated § 6-1-718(3)(a) because they are "operators" whose ticket terms included the phrase "This ticket is non-transferable" (the "Disputed Restriction")—thereby "applying" a term or condition that limits resale. (Compl. ¶ 3)

(emphasis added). Plaintiff Fuentes purchased tickets (*see* Compl. Ex. A – C) that contained the Disputed Restriction. (*Id.* ¶ 38.)

In further support of his claims, Plaintiff alleged that KSE is an "operator" because it owns and operates places of entertainment, including the Pepsi Center and Dick's Sporting Goods Park, along with sports teams like the Denver Nuggets and Colorado Avalanche. (*Id.* ¶ 9.) Plaintiff also alleged that Defendant WWE is an "operator" because it 'promotes and produces' professional wrestling events at KSE-owned properties. (*Id.* ¶ 10.) Finally, Plaintiff alleges the John Doe defendants are "operators" because, like WWE, they promote and produce entertainment at events at KSE properties as well. (*Id.* ¶ 11.)

*KSE files two motions to dismiss, a motion to deny class certification, and two motions to stay.*

Despite the fact that the case has only been on file since September 2013, Defendant KSE has already filed a Rule 12(b)(6) Motion to Dismiss (Dkt. 21) and Motion to Stay Discovery (Dkt. 23) together with a Motion to Deny Class Certification (Dkt. 22), followed by a Rule 12(b)(1) Motion to Dismiss that includes another Motion to Stay Discovery (Dkt. 57). This Court denied KSE's first motion to stay (*see* Dkt. 43) and entered and continued KSE's second motion to stay, granting Plaintiff's request for jurisdictional discovery regarding CAFA's home-state controversy and related exceptions. (Dkt. 64.) KSE's other motions have been fully briefed.

*Plaintiff Served Jurisdictional Discovery On KSE*

On February 28, 2014, Plaintiff served KSE with five interrogatories and five requests to produce. Within an hour, counsel for KSE responded that KSE had already completed its investigation and that jurisdiction was not available under CAFA. (*See* Feb. 28, 2014 Email Chain, attached as Exhibit B.) Mr. Evans threatened to seek attorneys' fees and costs if Plaintiff

did not dismiss the case. (*Id.*) In response, Mr. Woodrow stated that Plaintiff would gladly review the discovery. (*Id.*) The Parties are presently scheduled to meet the week of March 11, 2014 to review KSE's CAFA-related data.

*Plaintiff Dismissed WWE* <u>*Without Prejudice*</u> *Based On WWE's Repeated Representations Regarding Its Involvement With the Application of Terms on the Tickets.*

On January 10, 2014, Plaintiff voluntarily dismissed WWE without prejudice. As email correspondence between Plaintiff's counsel (Jay Edelson and Steven Woodrow) and WWE's Counsel (Jerry McDevitt) demonstrates, Plaintiff refused to dismiss WWE when it threatened Rule 11 sanctions because Plaintiff had a reasonable basis for alleging that WWE—as a promoter and producer of entertainment—is an "operator" as defined by the CCPA. (*See* Compl. ¶ 33, Ex. A.); (Dkt. 60, 3-4.) Plaintiff only agreed to dismiss WWE *without prejudice* upon receiving a written attestation that WWE had no involvement in applying ticket language. (*See* Dkt 60, 3-4.) Plaintiff anticipates the need to re-join WWE should the contract between WWE and KSE, which Plaintiff has repeatedly requested from Defendants, reveal that WWE was responsible for the ticket language.

Against this factual backdrop—and particularly in light of the clarity of KSE's violation of the CCPA—KSE's Rule 11 Motion for Sanctions should be denied.

## III. Argument

Rule 11 sanctions are "reserve[d] . . . for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose . . . Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 370 (9th Cir. 1992) (quotation omitted); *Doering v. Union Cnty. Bd. of Chosen*

*Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (explaining that Rule 11 applies "only in the 'exceptional circumstance'", where a claim or motion is patently unmeritorious or frivolous) (quotation omitted). Rule 11 of the Federal Rules of Civil Procedure provides:

> by signing and filing a pleading . . . counsel is certifying that to the best of his or her knowledge, information or belief, formed after a reasonable inquiry . . . that any legal arguments, claims or defenses are warranted by existing law or a non-frivolous argument for the extension, modification or reversal of existing law, and . . . that any allegations or factual contentions have evidentiary support.

*Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 610 (D. Colo. 2006) (citing Fed. R. Civ. P. 11(b)).

In deciding a Rule 11 motion, courts must apply an "objective standard" to "determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991). A party has violated Rule 11 "where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands." *McKinley Med., LLC v. Medmarc Cas. Ins. Co.*, No. 11-CV-01218, 2012 WL 987821 (D. Colo. Mar. 23, 2012) (quoting *Harrison v. Luse,* 760 F. Supp. 1394, 1399 (D. Colo. 1991)).

KSE's Motion for Sanctions is objectively unreasonable. KSE presents arguments that are both legally irrelevant and factually incorrect and, in the process, improperly uses Rule 11 to rehash its arguments made in its motions to dismiss. Rule 11 sanctions are likewise inappropriate because they are not to be used in cases, like this one, of first impression. And lastly, KSE's jurisdictional attack regarding the pleading of John Does ignores the definition of "operator" and merely repeats what appears to be the underlying basis for its Rule 12(b)(1) Motion.

Accordingly, and as set forth below, this Court should deny KSE's Motion for Sanctions.

**A. KSE's Assertions That Consumers Can Resell Tickets, That Other Parts of the Tickets Supposedly Allow Ticket Resales, And That Fuentes Hasn't Alleged That He Wanted But Was Unable To Resell His Tickets Are Neither Relevant Nor Factually Correct.**

KSE's first argument is that the Complaint's allegations (Compl ¶¶ 1, 3) are supposedly sanctionable because Fuentes claims the Disputed Restriction "eliminates the ticketholder's right to resell [the ticket]" when in reality Fuentes could've resold his tickets. (Def. Mot. 6.) According to KSE, Plaintiff ignores that KSE never prohibited anyone from selling their tickets, that Plaintiff never alleges that he was unable to resell his tickets, and that a "thriving and quite well-known secondary market" exists for buying and selling tickets. (*Id.*)

These arguments fail. As explained below, KSE's attacks merely rehash its irrelevant Rule 12(b)(6) arguments, and Plaintiff hasn't concealed the existence of a secondary market, the complete ticket language, or any other fact from the Court.

**1. As an initial matter, KSE's Rule 11 arguments are improper because they merely repeat arguments from its Rule 12 motions.**

First, this Court should deny KSE's Motion for Sanctions because the motion merely repeats its arguments seeking dismissal. While Rule 11 "sets a threshold for the factual and legal assertions of a complaint, it is not a broad mechanism for testing the sufficiency of a plaintiff's claims." *McKinley Med., LLC*, 2012 WL 987821 (quoting *Ross v. Mukasey,* No. 08–cv–00643, 2009 WL 4250124, at *1 (D. Colo. Nov. 24, 2009)) (citing 5A Charles Wright, Arthur Miller & Edward Cooper, *Federal Practice and Procedure* § 1336.3 (3d ed. 2009) ("Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.")); *see also E. Gluck Corp. v. Rothenhaus*, 252

F.R.D. 175, 183 (S.D.N.Y. 2008) ("the relief Rothenhaus seeks in this proceeding [(akin to Rule 12(b)(6) dismissal)] . . . entails a misuse of Rule 11.").

But that is precisely what KSE's Rule 11 Motion tries to do here—restating the arguments underlying its Rule 12(b)(6) and 12(b)(1) motions to dismiss, including its repeated assertions that Plaintiff supposedly: (1) ignores that consumers have the ability to resell their tickets on a secondary market (Dkt. 22 3 n.3) (Def. Mot. 6), (2) selectively quotes from the tickets' terms and conditions (Dkt. 21 5) (Def. Mot. 7), (3) fails to allege that KSE ever sought to enforce the ticket language (Dkt. 21 7) (Def. Mot. 5-6), and (4) improperly seeks to use John Doe Defendants to support subject matter jurisdiction. (Dkts. 57, 62) (Def. Mot. 9-10.)

These arguments in its Motion for Sanctions are in reality nothing more than attempts by KSE to advocate for its reading of the statute and its ticket language, questions that are fully briefed and pending before Judge Brimmer. Accordingly, KSE's Motion for Sanctions should be denied.

**2. KSE's "missing" or "ignored" facts are both irrelevant and without factual support.**

In any case, KSE's bases for sanctions fail for the reasons set forth in Plaintiff's oppositions to its motions to dismiss. In short, KSE's arguments mischaracterize the nature of the case and the facts plead. The CCPA prohibits the *application* of terms or conditions to the original sale (§ 6-1-718(3)(a)), not merely their enforcement.[3] Certainly it is plausible—and objectively reasonable to allege—that an operator "applies" a term in the context of § 6-1-718 by

---

[3] *See, e.g.,* § 6-1-718(4) (prohibiting operators from denying access to the event to a person in possession of a valid ticket). If "applying" a prohibited limitation meant the same thing as "enforcing" the term, there would have been no need to have prohibited both actions. *See, e.g., Lamb v. Thompson*, 265 F.3d 1038, 1051 (10th Cir. 2001) (The court's duty is "to give effect, if possible, to every clause and word of a statute rather than to emasculate an entire section.").

including it on the backs of its tickets. Indeed, the examples the Legislature provides of void terms (§ 6-1-718(3)(a)(I) – (IV))[4] are all conditions that would appear in the terms that govern ticketholders, demonstrating that their inclusion in such terms violates the Act.

Further, KSE asks the Court to focus on the wrong word—*eliminates*—instead of right, and in doing so KSE ignores the importance of what Plaintiff alleges was actually eliminated: the *right* to transfer and resell tickets, not the *ability* to do so. The distinction is critical as the statute seeks to protect both. That is, the Legislature sought to dually secure the right of consumers to resell their tickets, not just their ability to do so in contravention of the Operator's stated policies. As explained in opposition to KSE's Rule 12(b)(6) motion (Dkt. 39, 3-4) and alleged in the Complaint (Dkt. 1 ¶¶ 3, 53), the mere presence of the Disputed Restriction reduces the value of each ticket and chills the secondary market—harms the Legislature was seeking to protect against. *See See* CO Comm. Summm., S.B. 08-024, Statement of Sen. Tochtrop, primary sponsor ("[T]he public should have the right to sell event tickets to whomever they wish . . . the bill addresses property rights.").

Indeed, taken to its logical conclusion, KSE's argument is akin to asserting that it can include *any* language in its tickets' terms and conditions restricting resale, no matter how blatantly offensive to the statute's prohibition (such as, for example, "this ticket may not be sold

---

[4] *See* § 6-1-718(3)(a)(I) – (IV), restricting any term or condition: (I) That restricts resale in a subscription or season ticket package agreement as a condition of purchase; (II) That a purchaser must comply with to retain a ticket for the duration of a subscription or season ticket package agreement that limits the rights of the purchaser to resell the ticket; (III) That a purchaser must comply with to retain any contractually agreed-upon rights to purchase future subscriptions or season ticket package agreements; or (IV) That imposes a sanction on the purchaser if the sale of the ticket is not through a reseller approved by the operator.

to people with blue eyes")[5] so long as it does not take action to actually enforce the language. This of course cannot be true and is contrary to the language of § 6-1-718(3)(a).

Thus, because this is a case about the application of unlawful and void ticket terms (and not about their enforcement) and because Plaintiff challenges KSE's deprivation of his and the putative class members' *right* to resell their tickets, not their ability to do so, KSE's complaint that Fuentes supposedly ignores[6] that he could've resold his tickets on a thriving secondary market misses the point. He and the putative class members suffered legally cognizable injury by holding tickets that contained language that on its face was (and remains) void as against public policy. That KSE hasn't ever prevented anyone from lawfully reselling their tickets and that Fuentes hasn't alleged that he was prohibited from reselling his tickets are irrelevant.

**3. KSE's interpretation of the ticket language isn't supported by the wording of the tickets and is better left to its Rule 12(b)(6) Motion.**

KSE next requests sanctions due to Plaintiff's supposed "misleading, selective quotation of the non-transferability language of the tickets' Terms and Conditions." (Def. Mot. 7.) KSE argues that Plaintiff failed to quote language that supposedly "indicates that restrictions on transferability apply only to "*unlawful*" transfers. (*Id.*) (emphasis included.) Again, however, as Plaintiff explained in his Opposition to KSE's Rule 12(b)(6) Motion to Dismiss "[t]hese two provisions, which are separated by two full paragraphs, don't relate to each other at all." (*See*

---

5 Indeed, under KSE's logic, it could apply *any void* term whatsoever, even outside the context of resales (i.e., that ticketholders are required to provide KSE with title to their homes upon entry) and no one would have any ability to seek even a declaration from the Court, as Fuentes has requested, that the language is void as against public policy unless and until KSE took steps to enforce the overtly unlawful provision.

6 It is factually untrue that Fuentes ignores the existence of the secondary market. The Complaint expressly acknowledges and informs the Court of the existence of a secondary market and some of the ways KSE seeks to affect prices on it. (*See e.g*. Compl. ¶¶ 4, 29.)

Dkt. 39, 5) (citing Compl. Exs. A – C.) Furthermore, "simply because 'unlawful resale' is grounds for 'seizure and cancellation without compensation,' doesn't mean that "lawful resale" must be permitted by implication, rather, [t]hat provision merely sets forth the specific consequences of an 'unlawful resale,' which is never defined." (*Id.*)

Perhaps even more critically, Plaintiff attached the actual tickets to the Complaint, plainly setting forth the entirety of the language for the Court. It is frivolous for KSE to suggest that Plaintiff concealed or omitted language in any attempt to deceive the Court. KSE's two cases are, therefore, inapposite: both involved serious omissions by parties and lawyers actively seeking to deceive the Court. In *Rice v. Hamilton Oil Corp.*, 658 F. Supp. 446 (D. Colo. 1987), the plaintiff selectively omitted a clause from a quoted sentence and in doing so materially misrepresented whether certain disclosures had been provided. *Id.* at 449. Here, Plaintiff quotes the entire sentence and attached the copies of the actual ticket backs. Likewise, in *In re Ronco, Inc.*, 838 F.2d 212 (7th Cir. 1988), the appellant failed to "disclose in its initial brief to the district court that it had previously represented a single unsecured creditor in the bankruptcy action" which the court found was "highly relevant to the question of whether the bankruptcy judge should have granted a continuance." *Id.* at 218. Here, and by contrast, the language that KSE points to is found two paragraphs above to the Disputed Restriction and frankly nothing suggests the two terms are related at all.

Accordingly, whether the sentence "This ticket is non-transferable" means what Plaintiff alleges it means or what KSE insists it must mean is for Judge Brimmer to decide through the Rule 12 briefing or via summary judgment—it is hardly grounds for sanctions.

**B. Rule 11 Sanctions Are Further Inappropriate Because This Case Tests Important Issues Of First Impression.**

Sanctions are an "extraordinary remedy . . . intended to discourage frivolous litigation, not to punish litigants." *Greeley Pub.*, 233 F.R.D. at 611. It is well settled that Rule 11 should not be used "to deter cases of first impression or preclude arguments raised in the absence of binding precedent." *Id.*; *see also In re Renewable Energy Dev. Corp.*, No. 2:12-CV-00771, 2014 WL 527229 (Bankr. D. Utah Feb. 10, 2014) (quoting *Greeley*); *McElderry v. Cathay Pac. Airways, Ltd.*, 678 F. Supp. 1071, 1080 (S.D.N.Y. 1988) (denying motion for sanctions where plaintiff "presented novel claims which are essentially of first impression" noting that the "advisory committee notes to Rule 11 warn that Rule 11 'is not intended to chill an attorney's enthusiasm or creativity in pursuing . . . legal theories'"); *D & F Corp. v. Bd. of Trs. of Pattern & Model Makers Ass'n of Warren & Vicinity Defined Benefit Pension Plan*, 795 F. Supp. 825, 839 (E.D. Mich. 1992); *Sole Const., Inc. v. Chicago Title Ins. Co.*, No. 10-11879, 2010 WL 5676522 (E.D. Mich. Dec. 6, 2010 *report and recommendation adopted,* No. 10-CV-11879-DT, 2011 WL 333952 (E.D. Mich. Jan. 31, 2011) (denying sanctions in case of first impression)). See also *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) ("[T]he purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression.")

Contrary to this weight of authority, KSE's motion threatens sanctions in what is plainly a case of first impression for the Court. C.R.S. § 6-1-718 was enacted in 2008 with the aim of providing consumers with an unfettered ability to resell their tickets in whatever manner suited them. To accomplish this, the statute not only bars the enforcement of unlawful terms and conditions, as explained above it bans their very inclusion in the ticket language. *See* Section III (A)(2), *supra*. Though KSE could plausibly prevail on its interpretation of the Act, that does not

warrant sanctions where no other Court has had any occasion to interpret the statutory language. Given the untested nature of the claim, Rule 11 sanctions are seriously misplaced.

**C. KSE's Jurisdictional Arguments Also Fall Apart.**

As its final argument, KSE asserts that Plaintiff's dismissal of WWE supposedly shows that he did not have a factual basis for naming John Doe defendants and alleging jurisdiction in this case. (Def. Mot. 10.) This is patently incorrect.

First, KSE again seeks to litigate matters already set forth in its Rule 12(b)(1) motion. As Rule 11 is not a proper mechanism for testing or litigating such issues, *see* Section III (A)(1), *supra*, KSE's request for sanctions on such grounds must be rejected.

Second, with respect to the potential John Does—which now include WWE—discovery is needed to determine whether and to what extent any of them can be said to have "promoted or produced" the entertainment and sold tickets to the events so as to qualify as "operators" under C.R.S. § 6-1-718(a). As operators, they may have been involved in applying the Disputed Restriction to the tickets, and discovery is needed—and has been requested both formally and informally by Plaintiffs—into KSE's contracts with the John Doe defendants (starting with WWE) that will spell out whether and to what extent they agreed, if at all, to have responsibility for the ticket language.[7] Rule 11 sanctions are inappropriate where Plaintiff needs discovery to determine the facts and hasn't yet been afforded an opportunity to do so. *See Frantz v. United States Powerlifting Fed'n*, 836 F.2d 1063, 1068 (7th Cir. 1987) ("Rule 11 does not bar the courthouse door to people who have some support for a complaint but who need discovery to

---

7 It is certainly plausible that such John Doe Operators agreed to be jointly responsible together with KSE for the language appearing on its tickets as such terms could be binding against John Doe Operators vis-á-vis event attendees.

prove their case."); *Elan Microelectronics Corp. v. Apple, Inc.*, C 09-01531 RS, 2009 WL 2972374, at *3 (N.D. Cal. Sept. 14, 2009) ("Rule 11(b)(3) expressly permits a party to plead matters as to which the party still needs confirming evidence.").

Furthermore, insofar as KSE asserts that Fuentes lacked a factual basis for seeking to name John Does who were operators for events he didn't attend (but whose tickets for events at KSE properties contained the Disputed Restriction) that argument fails as well.[8] Although it is true that in general "the individual standing of each named plaintiff vis-à-vis each defendant is a threshold issue," *Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 423 (6th Cir. 1998), courts have carved out at least two exceptions to this baseline rule:

---

[8] The Court should be aware that the Rule 11 motion that KSE *served* to trigger the Rule's 21-day safe-harbor differs with respect to this argument from the Rule 11 motion that KSE ultimately filed with the Court. Chiefly, KSE's *served* Rule 11 motion asserted that "Plaintiff's dismissal of WWE also destroys diversity jurisdiction, and thus Plaintiff is obligated to dismiss this case. [Citations omitted.] Failure to do so is sanctionable. [Citations omitted.]" (*See* Served Rule 11 Motion for Sanctions, 10, attached as Exhibit C.) The next day, KSE filed a Rule 12(b)(1) motion to dismiss arguing that Plaintiff's voluntary dismissal of WWE destroyed diversity jurisdiction (ignoring that the Complaint alleges the existence of out-of-state class members) and asserting that John Doe defendants do not suffice to establish "diversity jurisdiction." (Dkt. 57, 4.) Further, on February 12, 2014, Kevin Evans wrote a letter to Plaintiff's counsel asserting that the attacks on Plaintiff's case were "fully supported by . . . the Court's lack of subject matter jurisdiction upon your 'voluntary' dismissal of WWE after admitting that you had no factual basis to name WWE in the first place (permitting the inference that you named WWE to manufacture subject matter jurisdiction.)" And finally, at the February 14, 2014 hearing on KSE's second motion to stay discovery, Mr. Evans explained that "after the last hearing they then dismissed WWE which got us to where we are today." (*See* Feb. 14, 2014 Hearing Trans. 17:2-4, attached as Exhibit D.)

But mysteriously, KSE's *filed* Motion for Sanctions deletes its assertion that Fuentes had engaged in sanctionable conduct by refusing to dismiss because "dismissal of WWE . . . destroys diversity jurisdiction." KSE's about-face is most likely explained because whereas its prior (repeated) assertions made clear that it believed the presence and citizenship of out-of-state operators was relevant with respect to determining diversity jurisdiction under CAFA, it now hopes to avoid conducting discovery into such matters during the Parties' upcoming CAFA-related discovery discussions.

> (1) Situations in which all injuries are the result of a conspiracy or concerted schemes between the defendants at whose hands the class suffered injury; and (2) instances in which all defendants are *juridically related* in a manner that suggests a single resolution of the dispute would be expeditious.

*Thompson v. Bd. of Educ. of Romeo Cmty. Schs*., 709 F.2d 1200, 1204-05 (6th Cir. 1983) (emphasis in original) (citing *LaMar v. H & B Novelty & Loan Co*., 489 F.2d 461, 462 (9th Cir. 1973)). A juridical relationship has been found "in cases in which there is a contractual obligation" among defendants. *Williams v. FirstPlus Home Loan Trust 1996-2*, 209 F.R.D. 404, 413-14 (W.D. Tenn. 2002) (citing *United States v. Trucking Emp'rs, Inc*., 75 F.R.D. 682 (D.D.C. 1977); *see Mitchell v. Residential Funding Corp*., 334 S.W.3d 447, 489 (Mo. Ct. App. 2010).

Hence, if the third-party operators all had the same contracts with KSE wherein each of them agreed to assume responsibility for the ticket language and other terms in a similar fashion, then it is plausible that Fuentes' claims against such John Does are juridically related so as to support their inclusion. Under KSE's theory, to resolve the matter—which challenges the application of the *identical* Disputed Restriction—Fuentes would need to add hundreds of plaintiffs, including at least one who attended *each* KSE event where the tickets sold contained the unlawful terms. This is precisely the type of situation "that suggests a single resolution of the dispute would be expeditious," and a contrary rule would thus "create the inefficiency of multiple trials," *Mitchell*, 334 S.W.3d at 490, that are antithetical to the purpose of class actions.

Relatedly, Fuentes has a duty to protect the interests of absent class members, which could be jeopardized through *stare decisis* if he failed to name all third-party operators against whom the class members may have claims arising from the Disputed Restriction. *See Mitchell*, 334 S.W.3d at 490 (citing *Moore v. Comfed Sav. Bank,* 908 F.2d 834, 839 (11th Cir. 1990)). As

such, Fuentes has protected those interests by naming such third-party operators—first as John Does and later by their specific names once KSE identifies them.

And finally, without belaboring the point, Plaintiff only dismissed WWE after receiving multiple assurances that WWE did not have any involvement in the application of the ticket language. Plaintiff expressly dismissed WWE *without prejudice* so that WWE could be re-added to the lawsuit in the event that the contract between WWE and KSE revealed that WWE agreed to responsible for the ticket language.

KSE's request for sanctions premised upon its jurisdictional arguments—that Plaintiff sought to manufacture jurisdiction by naming John Does without a basis for doing so—is meritless and should be denied.

## IV. Conclusion

Defendant KSE's Motion for Sanctions seriously mischaracterizes the nature of Plaintiff's claims and merely rehashes many of the same arguments in its Motions to Dismiss. KSE has no basis for arguing that Plaintiff has failed to plead adequate facts and KSE improperly uses its Motion to test the sufficiency of Plaintiff's claims. Further, KSE ignores that Plaintiff had a reasonable basis for including WWE and the John Doe defendants in this lawsuit, and in any event, deceptively changed an argument in its filed brief, thus depriving Plaintiff his due process rights. This Court should deny KSE's Motion for Sanctions and award Plaintiff any additional relief the Court deems appropriate.

Dated: March 7, 2014

Respectfully submitted,

ROBERTO FUENTES, on behalf of himself and all others similarly situated,

/s/ Steven L. Woodrow
One of Plaintiff's Attorneys

Steven L. Woodrow
swoodrow@edelson.com
Megan L. Lindsey
mlindsey@edelson.com
EDELSON PC
999 18th Street, Suite 3000
Denver, Colorado 80202
Tel: 303.357.4877
Fax: 312.589.6378

Jay Edelson
jedelson@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**CERTIFICATE OF SERVICE**

I, Megan L. Lindsey, an attorney, hereby certify that on March 7, 2014, I served the above and foregoing ***Plaintiff's Opposition to Defendant's Motion for Sanctions Pursuant To Rule 11 (Dkt. 65)*** by causing a true and accurate copy of such paper to be filed with the Clerk of the Court and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Megan L. Lindsey