IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02481-PAB-CBS

ROBERTO FUENTES, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

KROENKE SPORTS & ENTERTAINMENT, LLC, d/b/a Tickethorse, LLC,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the Motion for Sanctions Pursuant to Rule 11 [Docket No. 65] filed by defendant Kroenke Sports & Entertainment, LLC.  Although plaintiff has voluntarily dismissed this case, Fed. R. Civ. P. 11 sanctions may be awarded "after the principal suit has been terminated." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990).

**I.  BACKGROUND**

On September 11, 2013, plaintiff Roberto Fuentes filed a complaint against Kroenke Sports & Entertainment, LLC, World Wrestling Entertainment, Inc. ("WWE"), and the John Doe Defendants.  Docket No. 1.  Defendant[1] owns or operates various entertainment venues in and around Denver, Colorado and sells tickets to events held in them.  *Id.*  Plaintiff generally claimed that, by including the phrase "[t]his ticket is non-

---

[1]All references to "defendant" are to Kroenke Sports & Entertainment, LLC unless otherwise indicated.

transferable" as part of ticket terms and conditions, defendant placed an unlawful restriction on the resale rights of ticket purchasers in violation of the Colorado Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-718 *et seq. Id.* at 5, ¶¶ 15-18. Plaintiff brought this case as a class action pursuant to Fed. R. Civ. P. 23 and defined the class as "[a]ll persons in the United States who purchased a ticket to an event" at the Colorado venues owned or operated by defendant. *Id.* at 9-10, ¶ 41. Plaintiff asserted jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *Id.* at 4, ¶ 12.

On October 25, 2013, defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) [Docket No. 21] and a motion to deny class certification [Docket No. 22]. On January 10, 2014, plaintiff voluntarily dismissed his claims against WWE [Docket No. 54], and, on February 14, 2014, defendant filed the present motion. Docket No. 65. On April 9, 2014, plaintiff voluntarily dismissed his claims against the John Doe Defendants [Docket No. 76], leaving Kroenke as the sole remaining defendant. On June 2, 2014, plaintiff voluntarily dismissed this case without prejudice in its entirety. Docket No. 79. Defendant seeks sanctions pursuant to Fed. R. Civ. P. 11 in the form of attorneys' fees and costs incurred in the defense of this case. Docket No. 65 at 1.[2]

## II. STANDARD OF REVIEW

Rule 11(b) of the Federal Rules of Civil Procedure provides as follows:

By presenting to the court a pleading, written motion, or other

---

[2]To the extent defendant requests that the Court dismiss this case as a sanction, plaintiff's dismissal of this case without prejudice renders such a request moot. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (holding that Rule 11 sanction does not preclude refiling of a complaint).

paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).

## III.  ANALYSIS

### A.  CCPA Allegations

Defendant first argues that plaintiff's CCPA claim was based on allegations that counsel knew or should have known were false.  Docket No. 65 at 5.  Defendant asserts that a reasonable investigation would have revealed that defendant has never inhibited any ticketholder from reselling tickets.  *Id.* at 6.  Defendant's argument mischaracterizes the allegations forming the basis of plaintiff's CCPA claim.  Plaintiff's complaint alleged that the language defendant placed on its tickets "*eliminates* the

ticketholder's right to resell." Docket No. 1 at 2, ¶ 3 (emphasis in original). The

complaint further alleged that "Defendants knowingly violate [Colo. Rev. Stat. § 6-1-

718(3)(a)] by including language on certain of their tickets that state, 'This ticket is non-

transferable.' Such language imposes a limitation on resale on its face." *Id.* at 12, ¶

53. Thus, plaintiff claimed that the ticket language itself placed a restriction on

plaintiff's lawful ability to resell the ticket in violation of the CCPA, which, as defendant

fails to recognize, is distinct from claiming that defendant has actually taken action to

enforce the terms and conditions' alleged prohibition on resale. Defendant also fails to

show that, absent an allegation that it actually enforced the allegedly offending

language, plaintiff's CCPA claim is legally frivolous. "It is void as against public policy to

apply a term or condition to the original sale to the purchaser to limit the terms or

conditions of resale . . . ." Colo. Rev. Stat. 6-1-718(3)(a). Plaintiff argues that this

statute prohibits "the application of terms or conditions to the original sale, not merely

their enforcement." Docket No. 68 at 8-9 (citation omitted) ("the examples the

Legislature provides of void terms . . . are all conditions that would appear in the terms

that govern ticketholders, demonstrating that their inclusion in such terms violates the

Act"). Defendant argues, with no citation to legal authority, that the term "apply" should

be interpreted to mean "enforce." Docket No. 71 at 5-6.[3] Defendant therefore fails to

provide a basis for the Court to conclude that plaintiff's interpretation of § 6-1-718(3)(a)

is objectively unreasonable or unwarranted by existing law. The Court cannot conclude

---

[3]Defendant's citation to the Oxford English Dictionary is similarly unavailing. *Id.*
To "'bring or put into operation or practical use'" could reasonably describe the act of
placing restrictive language on a ticket. *Id.*

that plaintiff's pleading of his CCPA claim violated Rule 11.

### B. Quotation of Ticket Language

Defendant next argues that plaintiff selectively quoted the ticket terms and conditions in his complaint, which defendant claims misrepresented the facts and misled the Court.  Docket No. 65 at 7.  Defendant's argument fails to acknowledge that the tickets at issue were attached as exhibits to plaintiff's complaint, each of which contained the terms and conditions language in its entirety; thus, all of the terms and conditions language, not just the portion directly quoted in plaintiff's complaint, was readily apparent to the Court and the parties.  *See* Docket Nos. 1-1, 1-2, 1-3; Docket No. 1 at 9, ¶ 38 (citing Docket Nos. 1-1, 1-2, 1-3).  Defendant asserts that, when the terms and conditions are read in their entirety, the "non-transferable" restriction "appl[ies] only to '*unlawful*' transfers."  Docket No. 65 at 7.  However, defendant fails to show that its interpretation is the only reasonable one.  The ticket terms and conditions state, as relevant here,

> *Unlawful resale or unlawful attempted resale* is grounds for seizure and cancellation without compensation.  Tickets obtained from unauthorized sources may be lost, stolen, or counterfeit, and if so are void.
>
> Holder agrees by use of this ticket, not to transmit or aid in transmitting any description, account, picture, or reproduction of the game, performance, exhibition or event for which this ticket is issued.  Holder acknowledges that the event may be broadcast or otherwise publicized, and hereby grants permission to utilize holder's image or likeness in connection with any live or recorded transmission or reproduction of such event.
>
> For a list of prohibited items, please see the code of conduct.  There is no re-entry into the facility.  This ticket cannot be replaced if lost, stolen or destroyed, and is valid only for the event and the seat for which it is issued.  This ticket is not redeemable for cash.  It is unlawful to reproduce this ticket in any form.  *This ticket is non-transferable*.

Docket No. 1-1 at 3 (emphasis added).  Thus, as plaintiff argued in its response to

defendant's motion to dismiss, the language prohibiting unlawful sale is separated from

the "non-transferable" restriction by a full paragraph – a paragraph which restricts the

holder's ability to transmit the event and is seemingly unrelated to sale or transfer of the

ticket itself.[4]  Although defendant's interpretation of this language may be reasonable,

the "non-transferable" language is not so obviously related to the prohibition on

"[u]nlawful resale or unlawful attempted resale" so as to render unreasonable plaintiff's

interpretation of the terms and conditions.  Defendant's argument on this issue is

therefore without merit.

### C.  Injury Allegations

Defendant argues that, because "the only way a purported restriction on resale

could have caused any injury is if it led an individual not to resell a ticket he or she

otherwise would have," plaintiff's failure to allege that he wished to resell his tickets is a

sanctionable failure to plead an element of his claim.  Docket No. 65 at 8.  As for the

premise of defendant's argument, defendant does not address the fact that plaintiff's

complaint also alleged injury in the form of diminution in value, namely, "actual

damages in the form of monies taken via overpayments for their tickets as compared to

the value of a ticket that did not contain a provision that on its face violated state law."

Docket No. 1 at 13, ¶ 56.  Moreover, the cases cited by defendant affirm the award of

sanctions for failure to plead elements under clearly established laws and are therefore

---

[4]Defendant's motion to dismiss urged that the language on the back of the
tickets be "read as a whole," but defendant omitted the paragraph restricting
transmission rights in *its* quotation of the terms and conditions, thereby engaging in the
very behavior for which it seeks to sanction plaintiff.  *See* Docket No. 21 at 6.

of limited applicability to a relatively recently enacted provision of the CCPA.[5]  *See, e.g.,*

*Chaplin v. Du Pont Advance Fiber Sys.*, 124 F. App'x 771, 775 (4th Cir. 2005)

(unpublished) (affirming sanctions award for failure to plead adverse employment action

in employment discrimination case); *Toll v. Am. Airlines, Inc.*, 166 F. App'x 633, 637 (3d

Cir. 2006) (same); *Les Mutuelles du Mans Vie v. Life Assurance Co. of Pa.*, 128 F.R.D.

233, 238 (N.D. Ill. 1989) (finding that failure to allege an essential element of a breach

of contract claim warranted sanctions).  The fact that defendant does not support its

argument with citation to the CCPA itself or any case law setting forth the requirements

of pleading a claim under § 6-1-718 belies defendant's argument that plaintiff's claim is

"not warranted by existing law."[6]  *See* Docket No. 65 at 9.  Defendant has failed to show

that, to the extent plaintiff's pleading was deficient, such deficiencies rise to the level of

sanctionable conduct.

### D.  John Doe Defendants

Defendant appears to argue that plaintiff failed to allege any factual basis for

including John Doe defendants in this case and that their inclusion was solely to confer

subject matter jurisdiction.  Docket No. 65 at 10.  With respect to the John Doe

defendants, plaintiff's complaint alleged that:

36.  John Doe Defendants are business entities that promote and produce

---

[5]Colo. Rev. Stat. § 6-1-718 was enacted in 2008.  S.B. 08-024, 66th Gen. Assemb., 2nd Reg. Sess. (Colo. 2008).  The statute does not appear to be cited by any published cases.

[6]To the extent such issues were addressed by the District Court for the City and County of Denver, Colorado in *Sweet v. Colorado Rockies Baseball Club, Ltd*, 13CV34445 (Dist. Ct. Denver, Colo. May 29, 2014), this decision was not "existing law" when defendant filed its motion.

entertainment at Kroenke Properties.  John Doe Defendants also sell tickets to the events they promote and produce.

37.   On information and belief, tickets to certain John Doe Defendants' events at Kroenke Properties contain the proclamation that "This ticket is non-transferable" in direct violation [sic] CCPA § 6-1-718.

Docket No. 1 at 8, ¶¶ 36-37.   Defendant claims that, because plaintiff's counsel

admitted he had no evidence of whether entities that promote or produce events at

defendant's venues decide what language is placed on tickets to such events, plaintiff's

counsel improperly certified his claims under Rule 11.   However, defendant does not

explain how this information could or should have been discovered through a

reasonable pre-filing investigation.   *See Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237,

247 (D. Colo. 1993) ("Rule 11 requires not that counsel *plead* facts but that counsel

*know* facts after conducting a reasonable investigation – and then only enough to make

it reasonable to press litigation to the point of seeking discovery" (emphasis in original,

quotations omitted)).   Plaintiff justifies the inclusion of the John Doe defendants by

asserting that, if the "third-party operators all had the same contracts with KSE wherein

each of them agreed to assume responsibility for the ticket language and other terms in

a similar fashion, then it is plausible that Fuentes' claims against such John Does are

juridically related to as to support their inclusion."  Docket No. 68 at 15.  Defendant fails

to show that a pre-filing investigation would have revealed that this was not the case

and fails to otherwise explain how plaintiff's justification for including the John Doe

defendants is objectively unreasonable.

To the extent defendant claims that the John Doe defendants were improperly

included solely to confer subject matter jurisdiction, defendant appears to

misunderstand the requirements for subject matter jurisdiction in class actions.  Plaintiff

asserted jurisdiction under the Class Action Fairness Act ("CAFA"), which provides that

district courts may exercise jurisdiction over any class action[7] so long as the amount in

controversy exceeds $5,000,000, the plaintiff class contains more than 100 members,

and there is minimal diversity, meaning that any member of the plaintiff class is a citizen

of a different state than any defendant.  28 U.S.C. §§ 1332(d)(2), (5).  Thus, provided

that plaintiff was able to successfully allege that "any member of the plaintiff class" was

a citizen of a state different from defendant's state (or states) of citizenship, subject

matter jurisdiction would have been satisfied regardless of whether the John Doe

defendants were included as part of this case.[8]  Moreover, as defendant repeatedly

points out, were plaintiff to argue that jurisdiction under CAFA could be satisfied solely

by the inclusion of the John Doe defendants, plaintiff would have the burden of

overcoming case law in this district reaching the opposite conclusion.  *See U. Fin. Cas.*

*Co. v. Lapp*, No. 12-cv-00432-MSK-MEH, 2013 WL 1191392, at *2 (D. Colo. March 21,

2013) (deferring to general rule that "the diverse citizenship of the fictitious defendants

must be established by the plaintiff in order to continue a federal court action"

(quotations omitted)).[9]  Defendant has failed to show that plaintiff's inclusion of the John

---

[7] A class action is defined as any case brought under Federal Rule of Civil Procedure 23 or an analogous state law allowing a representative to sue on behalf of a class.  28 U.S.C. § 1332(d)(1)(B).

[8] In fact, plaintiff was granted the opportunity to conduct limited jurisdictional discovery aimed, in part, at determining the putative class members' citizenship.  *See* Docket No. 70.

[9] Notably, *Lapp* did not address John Doe defendants in the context of CAFA and, for the foregoing reasons, the Court need not reach the issue in resolving the

Doe defendants in this case rises to the level of sanctionable conduct.

### E.  Request For Relief

As a sanction for plaintiff's alleged Rule 11 violations, defendant requests that

the Court award defendant attorneys' fees.  Such a request is unsupported.  When

assessing whether to award attorneys' fees as a Rule 11 sanction, "a district court must

expressly consider," among other things, the reasonableness of any fee request

pursuant to the lodestar method.  *See White v. General Motors Corp., Inc.*, 908 F.2d

675, 684 (10th Cir. 1990) (applying previous version of Rule 11 which also contained

reference to reasonable attorney's fees); *see also Wasko v. Moore*, 122 F. App'x 403,

407 (10th Cir. 2005) ("'The plain language of the rule requires that the court

independently analyze the reasonableness of the requested fees and expenses.'")

(quoting *White*, 908 F.2d at 684 in relation to case involving amended version of Rule

11); *Guidry v. Clare*, 442 F. Supp. 2d 282, 293 (E.D. Va. 2006) (concluding that a Rule

11 "fee applicant . . . bears the burden of establishing by clear and convincing evidence

the amount of a reasonable fee in the circumstances").  Here, defendant articulates

what it believes to be sanctionable conduct but does not provide a basis for the Court to

grant its requested relief.  *See* Fed. R. Civ. P. 11(c)(6) ("An order imposing a sanction

must describe the sanctioned conduct *and* explain the basis for the sanction.")

(emphasis added); *see also* Fed. R. Civ. P. 11, adv. cmt. notes on the 1993

Amendments ("Any . . . award [of attorney's fees] to another party . . . should not

exceed the expenses and attorneys' fees for the services directly and unavoidably

---

present motion.

caused by the violation of the certification requirement.").  Defendant's failure to provide

the necessary information upon which to determine whether an award of attorneys' fees

is the most appropriate sanction in light of the violations alleged here further supports

denying defendant's motion.  *See* Fed. R. Civ. P. 11, adv. cmt. notes to the 1993

Amendments ("Since the purpose of Rule 11 sanctions is to deter rather than to

compensate, the rule provides that, if a monetary sanction is imposed, it should

ordinarily be paid into court as a penalty.  However, *under unusual circumstances*,

particularly for (b)(1) violations, deterrence may be ineffective unless the sanction not

only requires the person violating the rule to make a monetary payment, but also directs

that some or all of this payment be made to those injured by the violation." (emphasis

added)).

## IV.  CONCLUSION

In sum, defendant has failed to demonstrate that plaintiff's counsel was

objectively unreasonable in pursuing plaintiff's claims in this action.  It is therefore,

**ORDERED** that Defendant Kroenke Sports & Entertainment, LLC's Motion for

Sanctions Pursuant to Rule 11 [Docket No. 65] is **DENIED**.

DATED September 11, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge